STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

LINDA ELLIOT,

Plaintiff,

v.

RARE HOSPITALITY, INC.,
d/b/a THE CAPITAL GRILLE,
alias,

Defendant.

C.A. No. PC05-4929

## COMPLAINT

Plaintiff, Linda Elliot, ("Elliot") by her attorneys, brings this action against Defendant RARE Hospitality, Inc. d/b/a the Capital Grill ("the Capital Grill") seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy unlawful discrimination the Plaintiff has suffered on the basis of her sex and age in violation of the Rhode Island Fair Employment Practices Act ("FEPA"), R.I.G.L.§28-5-1, *et seq.*, and the Rhode Island Civil Rights Act ("RICRA"), R.I.G.L. §42-112-1, *et seq.*

## THE PARTIES

1. Plaintiff is a natural person who is a resident of the Town of North Scituate, State of Rhode Island.

Rcvd.
9-22-05

2. Upon information and belief, the Defendant is a Georgia corporation duly authorized to conduct business in the State of Rhode Island.

3. At all relevant times, the Plaintiff was employed as a waitress by the Defendant at its restaurant located in Providence, Rhode Island.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the Plaintiff's FEPA claims pursuant to R.I.G.L. §28-5-24.1 and RICRA claims pursuant to R.I.G.L. §42-112-2.

5. Venue is proper in this Court in accordance with R.I.G.L. 9-4-3 insofar as the Plaintiff worked for the Defendant in the County of Providence, State of Rhode Island; the alleged unlawful employment practices occurred in the County of Providence, State of Rhode Island; and because the Defendant has its principal place of business in the County of Providence, State of Rhode Island.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff timely filed a charge of discrimination with the Rhode Island Commission for Human Rights ("RICHR").

7. After more than one hundred twenty (120) days, but less than two (2) years after the charge was filed, the Plaintiff requested that the RICHR issue a right to sue letter.

8. The Plaintiff was thereafter issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

## FACTS

9. Defendant Capital Grille owns and operates a restaurant in Providence, Rhode Island.

10. In 1991 Plaintiff began working for the Capital Grille as a waitress and was employed there for 12 years, until she was wrongfully terminated on or about September 26, 2002.

11. At all relevant times herein, the Plaintiff's work performance satisfied the Capital Grille's legitimate expectations.

12. After one year of employment, in 1992, Plaintiff was promoted to "head server."

13. Upon information and belief, Ken Osgood was the general manager at all relevant times.

14. Plaintiff was subjected to numerous incidents of verbal and other harassment by co-workers; for example, co-worker Robert Moren referred to the Plaintiff as a "bitch" and stated he would "get her."

15. Many of Plaintiff's problems stemmed from the resentment by male co-workers of Plaintiff's position as head sever. For example, Plaintiff frequently was referred to as "the queen" in a derogatory manner.

16. These remarks were directed at the Plaintiff's sex and age and caused the Plaintiff to feel degraded and humiliated.

17. Plaintiff's co-workers also would improperly access Plaintiff's computerized server information and delete order information for Plaintiff's various customers, resulting in customer service delays, aggravation and general confusion.

18. Plaintiff complained and reported these, and other, inappropriate statements and actions to management.

19. The Capital Grille failed to take any corrective action in response to Plaintiff's complaints.

20. Plaintiff's complaints to Capital Grille management resulted in her demotion from head server and, subsequently, her termination on or about September 26, 2002.

21. The Capital Grille condoned a discriminatory work environment and retaliated against the Plaintiff.

22. Shortly following her termination, Plaintiff received a hateful, derogatory letter from a former co-worker, Robert Moren, in which he referred to her as a "monkey-woman," "ugly," and a "hag." The letter also stated "fired at 60! Ha-Ha." (A copy of the letter is attached as Exhibit A).

23. Plaintiff shared the "hate letter" with General Manager Ken Osgood shortly upon her receipt of same. She also shared with him samples of Robert Moren's handwriting thus confirming his status as author of the "hate letter."

24. General Manager Osgood admitted that Plaintiff's fellow servers, including Robert Moren, had harassed her.

25. Upon information and belief, despite the Capital Grille's knowledge of the "hate letter" and admission of the harassment of Plaintiff by its servers, it did nothing to discipline Robert Moren, or any other servers, nor did it take any other remedial actions in response thereto.

26. Despite the Capital Grille's knowledge of the "hate letter" and admission of the harassment of Plaintiff by its servers, it failed and refused to reinstate Plaintiff's employment.

27. The Capital Grille's unlawful discriminatory actions and/or omissions are in violation of the Rhode Island Civil Rights Act ("RICRA") and the Rhode Island Fair Employment Practices Act ("FEPA"), were motivated by malice and ill will toward the Plaintiff, and were taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

**COUNT I**
**(Rhode Island Fair Employment Practices Act R.I.G.L. §28-5-1, et seq.)**

28. The Plaintiff repeats and hereby incorporates by reference paragraphs 1-27 of this Complaint.

29. By the foregoing acts and omissions, the Defendant wrongfully and intentionally violated the Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-1 *et seq.*, as amended, by creating and perpetuating an intimidating, hostile, and offensive work environment.

30. As a direct and proximate result of the Defendant's conduct, Plaintiff suffered a loss of employment, loss of significant and valuable employment opportunity, lost wages and employment-related benefits, and mental anguish.

**COUNT II**
**(Rhode Island Fair Employment Practices Act— Retaliation)**

31. Plaintiff hereby incorporates by reference paragraphs 1-30 of this Complaint.

32. By the foregoing acts and omissions, the Defendant wrongfully and intentionally violated the Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-1 *et seq.*, as amended, by altering the terms and conditions of Plaintiff's employment in response to her complaints of harassment.

33. As a direct and proximate result of the Defendant's conduct, Plaintiff suffered a loss of employment, loss of significant and valuable employment opportunity, lost wages and employment-related benefits, and mental anguish.

**COUNT III**
**(Unlawful Discrimination – R.I.G.L. 42-112-1 et seq. Rhode Island Civil Rights Act of 1990)**

34. Plaintiff hereby incorporates by reference paragraphs 1-33 of this Complaint.

35. By the foregoing acts and omissions, the Defendant wrongfully, intentionally and impermissibly interfered with Plaintiff's right to make, perform, modify and terminate contractual and/or employment relationships and her enjoyment of all benefits, terms, and conditions of said contracts and relationships, resulting in harassment, retaliation, and unlawful discharge.

36. By its conduct described herein, the Defendant violated The Rhode Island Civil Rights Act of 1990, R.I.G.L. § 42-112-1 *et seq.*

37. As a direct and proximate result of the Defendant's conduct, Plaintiff suffered a loss of employment, loss of significant and valuable employment opportunity, lost wages and employment-related benefits, and mental anguish.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Linda Elliot, prays for the following relief:

a. Permanently enjoin the Defendant from violating The Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-1 *et seq.*, as amended; and The Rhode Island Civil Rights Act of 1990, R.I.G.L. § 42-112-1 *et seq.*;

b. Award compensatory damages for her loss of wages and benefits;

c. Award pain and suffering damages;

d. Award punitive damages in an amount sufficient to punish the Defendant and to deter such unlawful actions in the future;

e. Award attorneys' fees, pursuant to R.I.G.L. § 28-5-24.1; and R.I.G.L. § 42-112-3;

f. Award costs pertaining to the within litigation, pursuant to R.I.G.L. § 28-5-24.1; and R.I.G.L. § 42-112-3;

g. Award interest on the judgment; and

h. Award such other and further relief as this Court deems just and proper.

Respectfully submitted,

Linda Elliot,
By her attorneys,

Catherine A. Sammartino #4762
Danielle R. Menard #5821
Sammartino & Berg, LLP
128 Dorrance Street, Ste 400
Providence, RI 02903
(401) 274-0113
September 21, 2005

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial for all issues so triable.

Catherine A. Sammartino #4762
Danielle R. Menard #5821
Sammartino & Berg, LLP
128 Dorrance Street, Ste 400
Providence, RI 02903
(401) 274-0113
September 21, 2005