UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LINDA ELLIOT :
:
v. : No. 05-049-ML
:
RARE HOSPITALITY, INC :
d/b/a THE CAPITAL GRILLE :

**BUTLER HOSPITAL'S MOTION TO QUASH**

Pursuant to Federal Rules of Civil Procedure 45(c)(3)(A)(iii), non-party Butler Hospital ("Butler") moves to quash a subpoena and notice of deposition seeking the medical records of Linda Elliot from December 1, 2002 to the present (the "subpoena").

Under the Rhode Island Mental Health Law Butler is not permitted to acknowledge whether or not the requested documents exist without a court order. If the requested documents do exist, the subpoena should be quashed on the grounds that it calls for the disclosure of confidential information. The Rhode Island Confidentiality of Health Care Communications and Information Act also prohibits disclosure of these medical records because Ms. Elliot was not served with adequate notice of the subpoena. If the court does find these records should be produced, they should first be reviewed in camera by the Court.

In support of this motion, Butler relies upon its attached memorandum of law.

WHEREFORE, Butler Hospital requests the Court to grant its motion to quash.

BUTLER HOSPITAL

By its Attorney,

Matthew P. Horvitz (#7289)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (FAX)

Dated: July 24, 2006.

**CERTIFICATION**

TO:

Raymond M. Ripple, Esq.
Edwards, Angell, Palmer & Dodge, LLP
2800 Financial Plaza
Providence, Rhode Island 02903

Patricia Cunha
Clinical Information Services
Butler Hospital
345 Blackstone Blvd.
Providence, RI 02906

I certify that on July 24, 2006, I delivered via first-class mail a copy of this within Motion to counsel of record, as listed above.

Matthew P. Horvitz

738017v1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA ELLIOT | : | |
| v. | : | No. 05-049-ML |
| RARE HOSPITALITY, INC d/b/a THE CAPITAL GRILLE | : | |

**MEMORANDUM OF LAW IN SUPPORT OF BUTLER HOSPITAL'S MOTION TO QUASH**

Pursuant to Federal Rules of Civil Procedure 45(c)(3)(A)(iii), non-party Butler Hospital ("Butler") moves to quash a subpoena and notice of deposition seeking the medical records of Linda Elliot from December 1, 2002 to the present (the "subpoena"), attached as Exhibit A.

## I. INTRODUCTION

Butler cannot comply with the subpoena or release any information it may have regarding Ms. Elliot because (1) it is prohibited from disclosing of confidential information and (2) it appears Ms. Elliot was not provided with the required notice of the subpoena and her right to challenge it.

First, under the Rhode Island Mental Health Law Butler is not permitted to acknowledge whether or not the requested documents exist without a court order. If the requested documents do exist, the subpoena should be quashed on the grounds that it calls for the disclosure of confidential information. Second, the Rhode Island Confidentiality of Health Care Communications and Information Act prohibits disclosure of these medical records because Ms. Elliot was not served with adequate notice of the subpoena and her right to challenge it. If the Court does order Butler to produce any

records it may have of Ms. Elliot, then it should first review them in camera to ensure that they are relevant.

## II. ARGUMENT

### A. The Rhode Island Mental Health Law Prohibits Disclosure

As a psychiatric hospital, Butler is governed by the Rhode Island Mental Health Law. See R.I. Gen. Laws §40.1-5-1 et seq. Under the Mental Health Law, information and records concerning a particular person to whom Butler has rendered services is confidential. See id. § 40.1-5-26(a). Confidentiality extends to "[t]he fact of admission or certification and all information and records" related to mental health services. Id. Information and records may only be disclosed with the written consent of the patient or under specific exceptions enumerated in the Mental Health Law, including a court order. See id. § 40.1-5-26(b).

In this case, if the records exist, Butler does not have the written consent of Ms. Elliot to release the requested information. Upon information and belief, no court order has been issued in this matter ordering the disclosure of the records sought. Nor does it appear that the subpoena issued falls within any of the enumerated exceptions of the Mental Health Law. Unless the Court orders the release of Ms. Elliot's records, Butler's motion should be granted.

### B. The Rhode Island Confidentiality of Health Care Communications and Information Act Prohibits Disclosure

#### 1. Confidentiality of Health Care Information

Any of Ms. Elliot's records requested by the subpoena are also confidential under the Rhode Island Confidentiality of Healthcare Communications and Information Act (the "Act"). See R.I. Gen. Laws §§5-37.3-1, et. seq. The Act expressly prohibits Butler from disclosing any information relating to patient's health care history, diagnosis, condition, treatment or evaluation

absent the written consent of the patient or his/her authorized representative, under circumstances specifically enumerated by the Act, or pursuant to a valid court order. See R.I. Gen. Laws §§ 5-37.3-4-6.1.[1]

Butler is obligated to keep the medical information and records of its patients private and confidential. Butler does not have Ms. Elliot's prior written consent to release the requested confidential healthcare information, if such information exists. Upon information and belief, in this matter there is no court order compelling the disclosure of this requested confidential healthcare information. While the Act does contain provisions allowing disclosure to third parties under specifically enumerated circumstances, none of those statutory exceptions are applicable. See R.I. Gen. Laws §§ 5-37.3-4, 5-37.3-6. Butler's motion should be granted, unless the Court orders otherwise.

2. Notification and Certification Procedures

The Act requires written certification by a party issuing a subpoena for medical records that "[a] copy of the subpoena has been served by the party on the individual whose records are being sought on or before the date the subpoena was served, together with a notice of the individual's right to challenge the subpoena." R.I. Gen. Laws § 5-37.3-6.1(a)(1). Here, the issuing attorney has not provided any proof that Ms. Elliot was individually apprised of this subpoena and her right to challenge it.

While § 5-37.3-6.1 of the Act provides for a twenty-day notice and certification procedure, the issuing attorney has not complied with the strict provisions of that section. Butler must strictly follow the statutory mandate and procedures, else it could incur both civil and criminal liability. See, e.g., Washburn v. Rite Aid Pharmacy, Corp., (R.I. 1997)

[1] The provisions of the Act are generally coextensive with applicable provisions of the Health Insurance Portability and Accountability Act (HIPAA) Privacy Rule, 45 C.F.R. Pts. 160 and 164. Compliance with the Act will satisfy the HIPAA requirements.

(liability of pharmacy for unauthorized disclosure of records without patient consent or knowledge). Because Butler has no information whether Ms. Elliot was apprised of the subpoena and her right it challenge it, the Court should grant Butler's motion.

### C. **Butler Requests That All Information Ordered To Be Produced Be Reviewed In Camera**

Should the Court determine that some or all of the information requested in the subpoena may be relevant to this lawsuit, Butler respectfully requests that the Court order any information be produced first for the Court's in camera review. If it is further determined that the information should be released to counsel for the parties of record, Butler requests that such release be solely for the purposes of this litigation.

## III. **CONCLUSION**

For the reasons stated above, the Court should grant non-party Butler Hospital's motion to quash.

Respectfully submitted,

BUTLER HOSPITAL

By its Attorney,

Matthew P. Horvitz (#7289)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (FAX)

Dated: July 24, 2006.

**CERTIFICATION**

TO:

Raymond M. Ripple, Esq.
Edwards, Angell, Palmer & Dodge, LLP
2800 Financial Plaza
Providence, Rhode Island 02903

Patricia Cunha
Clinical Information Services
Butler Hospital
345 Blackstone Blvd.
Providence, RI 02906

I certify that on the 24th day July 24, 2006, I delivered via first-class mail a copy of the within Memorandum of Law to counsel of record, as listed above.

Matthew P. Horvitz

738317v1