UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA ELLIOT<br><br>Plaintiff,<br><br>v.<br><br>RARE HOSPITALITY, INC.<br>d/b/a THE CAPITAL GRILLE<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-479-ML |

**DEFENDANT RARE HOSPITALITY, INC.'S OPPOSITION TO BUTLER HOSPITAL'S MOTION TO QUASH**

Defendant RARE Hospitality, Inc. d/b/a The Capital Grille ("Defendant") hereby submits this Opposition in response to Butler Hospital's ("Butler") Motion to Quash a subpoena duces tecum served upon it by Defendant on July 18, 2006. Defendant submits that Butler's Motion to Quash should be denied on the grounds that Plaintiff Linda Elliot has consented to the release and production of the medical records at issue.

**Background**

On July 18, 2006, Defendant served a subpoena duces tecum on the keeper of records for Butler (the "Subpoena"), seeking production of the following documents:

> Any and all medical records, treatment notes or other documents in your possession relating to the medical treatment provided to Linda Elliot from December 1, 2002, to the present.

See Subpoena (a copy of which is attached as Exhibit A to Butler's Memorandum of Law in Support of its Motion to Quash). Plaintiff Linda Elliot ("Plaintiff") has brought suit against Defendant alleging claims of gender and age discrimination in violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1, *et seq.*, and the Rhode Island Civil Rights Act, § 42-112-1 *et seq*.

During the course of written discovery, Plaintiff stated in her responses to Defendant's First Set of Interrogatories that, as evidence of her pain and suffering, she experienced various medical ailments, as well as experienced "feelings of extreme hopelessness . . . and thoughts of suicide." Plaintiff further indicated that her primary care physician referred her to Butler for evaluation. Moreover, during the course of written discovery, Plaintiff produced to Defendant a document that she received as a result of treatment at Butler. It is for these reasons that Defendant seeks the production of documents from Butler pursuant to the Subpoena.[1]

**Argument**

In its Motion to Quash, Butler argues that it cannot produce documents in response to the Subpoena because (1) it is prohibited from disclosing confidential information under Rhode Island's Mental Health Law, and (2) Ms. Elliot has not been provided with notice of the Subpoena and a right to challenge it.

On August 10, 2006, after consultation with Plaintiff's counsel, Defendant obtained a consent from Plaintiff for release of the medical information sought pursuant to the Subpoena. A copy of that consent is attached hereto as Exhibit A. Despite this consent, Butler has represented to Defendant's counsel that it will not produce the requested documents unless its own authorization form is used. Accordingly, on August 15, 2006, counsel for Defendant provided Plaintiff with Butler's form of consent for the release of medical information. Plaintiff's counsel has represented to Defendant's counsel that Plaintiff will sign Butler's form of authorization, but as of the date of the filing of this Opposition, Defendant has not received the additional, signed consent from Plaintiff. Because Plaintiff has consented to the production of the subpoenaed documents, and Defendant expects to have Butler's form of authorization for release of the

[1] In its Motion to Quash, Butler references a notice of deposition served upon it by Defendant. However, Defendant has only sought the production of documents pursuant to the Subpoena, and is not seeking deposition testimony from a representative of Butler.

confidential information prior to the hearing date on the Motion to Quash, Butler's motion should be denied.

## Conclusion

For the foregoing reasons, Butler Hospital's Motion to Quash should be denied.

RARE HOSPITALITY, INC.

By its Attorneys,

/s/ Raymond M. Ripple

Sheryl Hanley (#5439)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
shanley@eapdlaw.com
rripple@eapdlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2006, I caused a true and accurate copy of the foregoing to be served electronically through the ECF process on the following counsel of record:

Matthew P. Horvitz, Esq.
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

Catherine Sammartino, Esq.
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903

/s/ Raymond M. Ripple