UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA ELLIOT,<br>Plaintiff | ) | |
| v. | ) | C.A.NO.: 05-049ML |
| RARE HOSPITALITY, INC.<br>d/b/a THE CAPITAL GRILLE,<br>Defendant | ) | |

**MEMORANDUM OF PLAINTIFF, LINDA ELLIOT, IN SUPPORT OF MOTION TO COMPEL RESPONSES TO FIRST REQUESTS FOR PRODUCTION**

## I. INTRODUCTION AND BACKGROUND

This matter arises from the wrongful termination of Plaintiff, Linda Elliot, a head server at the Providence location of The Capital Grille.

Plaintiff claims that after thirteen years of service, she was retaliated against and wrongfully terminated on the basis of her age and sex in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-1, *et seq.,* and in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. § 42-112-1, *et seq.*

Specifically, Plaintiff claims that she was subjected to numerous incidents of verbal and other harassment by certain other co-workers. These incidents were directed at the Plaintiff's age and sex, caused her to feel degraded and humiliated, and interfered with her ability to perform her job functions. Elliot reported numerous of the incidents to her managers and requested that the Capital Grille intervene and prevent the conduct, without success. In response, the Capital Grille disciplined her for allegedly "pushing"

the servers against whom Elliot had made harassment complaints and due to her alleged inability to get along with her peers.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part that litigants are entitled to:

> obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

As such, under the Federal Rules of Civil Procedure, "the scope of discovery is broad and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Jackson v. Montgomery Ward & Co., Inc*., 173 F.R.D. 524; 1997 U.S. Dist. LEXIS 8747, *citing Soto v. City of Concord*, 162 F.R.D. 603, 609 (C.D. Cal. 1995). Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the subject matter of the action. Notably, "the scope of discovery under the federal rules is broad and 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'" *Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1519 (10th Cir. 1995)* (quoting *Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978)).*

In discrimination cases, the Federal Rules pertaining to discovery are given an expansive interpretation allowing a claimant to fully develop her case, often looking into

areas that would typically be deemed too attenuated or circumstantial to be allowed even under the traditionally broad parameters of discovery.

**II. MOTIONS TO COMPEL**

Plaintiff hereby moves this Honorable Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure for an Order compelling Defendant, Rare Hospitality, Inc., d/b/a The Capital Grille, to provide Responses to her First Request for Production of Documents within fifteen (15) days of any order issued by this Court. Specifically, Plaintiff requests are as follows:

**PLAINTIFF'S REQUEST NUMBER 4:**

Please provide the W-2s for all Capital Grille servers from 1998 – 2004.

**DEFENDANT'S RESPONSE**: Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not likely (sic) to the discovery of admissible evidence. In support of its objection, Defendant submits that Plaintiff's request for the production of tax and salary information for all Capital Grille employees over the course of six (6) years is overbroad. Plaintiff seeks earnings statements relating to servers that worked at The Capital Grille during the years 2003 and 2004. Plaintiff was terminated in September of 2002 and therefore earnings statements of servers from 2003 and 2004 are not likely to lead to the discovery of admissible evidence with respect to this litigation. Additionally, during the period 1998 through 2002, the Capital Grille employed numerous servers in several different locations other than the Providence, Rhode Island location. Moreover, the Capital Grille servers whose salaries are sought in this request are not parties to this litigation and it would be an unreasonable violation of their privacy

to produce these employees' income information. The earnings information of one server is not determinative of the earnings of the Plaintiff, or any other server.

Defendant further objects to the production of confidential, third-party information and would only agree to do so upon entry of a mutually agreeable protective order.

**GROUNDS FOR MOTION TO COMPEL REQUEST NUMBER 4:** In the above referenced Response, the Defendant offers responsive information conditioned upon the entry of a mutually agreeable confidentiality / protective order. Plaintiff and her counsel have agreed to enter into a confidentiality / protective offer. Notwithstanding this agreement, the Defendant has not produced the requested records.

By even offering to enter into a confidentiality / protective order, Defendant effectively concedes that the information sought is relevant and reasonably calculated to lead to the discovery of admissible evidence. As such, said information should be produced.

Moreover, as per the Definitions section of Plaintiff's Request for Production of Documents, this Request is limited to W-2s for all Capital Grille servers at the Providence location only. Accordingly, despite Defendant's contention that the Request is unduly burdensome, it is geographically limited to the discrete location of Providence, Rhode Island. Moreover, the information sought is relevant and is reasonably calculated to lead to the discovery of admissible evidence, including but not limited to lost earnings information.

According to Rule 26 of the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of

any party." Seeking the earnings of other similarly situated employees is essential to the Plaintiff's case. Specifically, at the recent deposition of the Plaintiff, defense counsel's skepticism with regard to Plaintiff's earnings and reporting of income taxes was apparent. It is clear that this is a strategy designed to attack Plaintiff's credibility. As such, Plaintiff is entitled to evaluate how similarly situated employees – many of whom the Capital Grille is expected to call as witnesses – behaved in similar situations by reviewing their W-2s.

Plaintiff contends that the information sought is information is relevant and should be discoverable under the broad scope of Rule 26 of the Federal Rules of Civil Procedure. Federal Courts have recognized that contents of personnel files of non-parties, which typically contain earnings information, W-2s, etc., are discoverable. For example, in *Ezell v. Potter*, 2006 U.S. Dist. LEXIS 36929 (N.D. Ind., March 16, 2006), plaintiff, a letter carrier, filed an action against the United States Postmaster General, alleging gender, race and age discrimination. Plaintiff sought to obtain approximately thirty personnel files of non-party co-workers. In that matter, the Court noted:

> **personnel records are not a legitimate category of confidential information, barring exceptional circumstances . . . in general, employment records are freely discoverable in discrimination cases.** Although the privacy interests of non-party employees weigh more heavily than do the privacy interests of parties, privacy concerns still do not warrant a protective order blocking disclosure of relevant performance, discipline, and departure information. Characterizing the employment records as those the disclosure of which could invade privacy rights of non-parties is merely conclusory.

*Ezell v. Potter,* 2006 U.S. Dist. LEXIS 36929; *see also Pierson v. Indianapolis Power & Light Company*, 205 F.R.D. 646, 647 (S.D. Ind. 2002); *Jones v. Hamilton County Sheriff's Department*, 2003 U.S. Dist. LEXIS 10100 (S.D. Ind., June 12, 2003; *Chavez v. Daimler-Chrysler Corp.*, 206 F.R.D. 615, 622 (S.D. Ind. 2002) and *Knoll v. American Telephone and Telegraph Company*, 176 F.3d 359, 365 (6th Cir. 1999).

For all of the above reasons, Plaintiff requests that this Court issue an order compelling the Capital Grile to respond to her Request for Production No. 4.

**REQUEST NO. 5**: Please provide year-end Earnings Statements for all Capital Grille servers from 1998 to 2004. For servers who left their Capital Grille employment during any given year, please provide the Earnings Statement for each such server's last pay period.

**OBJECTION**: Defendant objects to this Request on the Grounds that it is overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Plaintiff seeks earnings statements relating to servers that worked at The Capital Grille during the years 2003 and 2004. Plaintiff was terminated in September of 2002 and therefore earnings statements of servers from 2003 and 2004 are not likely to lead to the discovery of admissible evidence with respect to this litigation. Additionally, during the period 1998 through 2002, the Capital Grille employed numerous servers in several different locations other than the Providence, Rhode Island location. In further support of its objection, Defendant submits that Plaintiff's request for the production of tax and salary information for all Capital Grille employees over the course of six (6) years is overbroad. Moreover, the Capital Grille servers' whose year-end earnings are sought in this request are not parties to this litigation and it would be an unreasonable violation of their privacy to produce these employees' income information. The earnings information of one server is not determinative of the earnings of the Plaintiff, or any other server.

Defendant further objects to the production of confidential, third-party information and would only agree to do so upon entry of a mutually agreeable protective order.

**GROUNDS FOR MOTION TO COMPEL REQUEST NUMBER 5**: Plaintiff reiterates the arguments contained *supra* in support of her motion to compel responses to her Request for Production No. 4.

Year-end earnings statements, each one page in length for a particular server, identify total customer sales, regular and overtime earnings, and also includes "other benefits and information" including reported sales and tips. An evaluation of this information is critical to Plaintiff's presentation of evidence of lost earnings, her overall performance as compared to that of other servers, as well as her ability to address Defendant's attack on her credibility with regard to her income reporting.

**REQUEST NUMBER 15:** Please provide any Tip Reporting Alternative Commitment ("TRAC") agreements or variations thereof (example, "EmTRAC," or a TRAC proposed by an employer and accepted by the IRS) for the years 1998 to 2002.

**OBJECTION:** Defendant objects to this request on the grounds that it is overbroad, not relevant, and not likely to lead to the discovery of admissible evidence.

**GROUNDS FOR MOTION TO COMPEL REQUEST NUMBER 15:** Defendant has interposed a complete objection to this request. However, Defense counsel has placed income tax payments into issue in this matter. As such, the discovery of information concerning a TRAC or variation thereof, known as an EmTRAC, is relevant to the case at bar. TRAC is an acronym which stands for Tip Reporting Alternative Commitment. The IRS has established these compliance agreements for industries, such as the restaurant

industry, where tipping is customary. These agreements are designed to enhance tax compliance among tipped employees through employer education initiatives, instead of through traditional enforcement actions, such as tip examinations. In return for a restaurant's agreement to implement this type of procedure, the IRS will not initiate any tip examinations for the period that the TRAC is in effect. As a result, the restaurant does not bear any responsibility during the TRAC agreement's pendency for its share of FICA taxes on those earnings not reported by servers.

Defense counsel questioned Plaintiff extensively on her tax reporting practices, especially concerning tip income, at her deposition. As such, the matter has been placed in issue. Plaintiff is entitled to explore any agreement that Defendant has entered into with the Federal Government concerning taxation and possible immunity for employee's underpayment of taxes. Moreover, this information is relevant to an understanding as to the Capital Grille's obligations to all servers, including Plaintiff, on how to report any and all tip income. As such, the information sought should be produced.

**REQUEST NUMBER 16:** Please provide documentation regarding any complaints, whether verbal or in writing, made by any person alleging sex or age discrimination, at any Capital Grille location, from 1998 to the present.

**OBJECTION:** Defendant objects to the foregoing request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the request is vague to the extent that it seeks information regarding other "complaints" of discrimination. It is not clear if Plaintiff is seeking information regarding other lawsuits filed, administrative charges filed, internal complaints or all of the above, made by any employee. Regardless, claims of sex or age

discrimination in The Capital Grille's Providence, Rhode Island location or any other of The Capital Grille locations are not germaine to Plaintiff's claims.

Defendant further objects to this Request on the grounds that it seeks confidential information about third parties who are not parties to this lawsuit and the unlimited disclosure of this information would be an unreasonable intrusion on their privacy.

**RESPONSE:** Without waiving the foregoing objection, Defendant's search has not located any responsive documents of sex or age discrimination "complaints" from anyone other than Plaintiff in its Providence location. To the extent that Defendant discovers any documents responsive to this Request, it will produce them in accordance with the Federal Rules of Civil Procedure and subject to a mutually agreeable protective order.

**GROUNDS FOR MOTION TO COMPEL REQUEST NUMBER 16:** In the above-cited Response, despite their objection, Defendants offer responsive information conditioned upon the entry of a mutually agreeable protective order. Plaintiff and her counsel accepted Defendant's offer to enter a confidentiality and protective order. By even offering to enter into a confidentiality and protective order, Defendant effectively concedes that the information sought is relevant and reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff references Federal Court decisions nationally that afford discovery of previous complaints of discrimination and / or harassment in the workplace. For example, in *Chan v. NYU Downtown Hospital*, 03 Civ. 3003 (CBM) (S.D.N.Y 2005), a former employee sued her former employers claiming employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. §2000e, *et seq*. In her suit, the plaintiff alleged that she was discriminated against and experienced disparate treatment

and retaliation based on her race, national origin and gender. Plaintiff propounded discovery requesting all sexual harassment complaints made by women at defendant hospital. Defendants objected to the request in that it was not appropriately limited in time and was irrelevant. The Magistrate Judge entered an Order mandating defendants to disclose, *inter alia*, "any salary, race discrimination or national origin discrimination complaints made by women at the New York University Downtown Hospital during the period from 1998 to the present." Defendants appealed the decision of the Magistrate Judge. On appeal, the District Court Judge pointed to a long line of case law that mandates that "courts should avoid imposing unnecessary limits on discovery in Title VII cases." *Rodger v. Electronic Data Systems, Corp*., 155 F.R.D. 537 (E.D.N.C. 1994) *citing Ardrey v. United Parcel Service*, 798 F.2d 679, 683 (4th Cir. 1986), *cert. denied*, 480 U.S. 934, 107 S. Ct. 1575, 94 L. Ed. 2d 788 (1987) (Title VII claim); *see also Flanagan v. Travelers Insurance Co*., 111 F.R.D. 42, 45 (W.D.N.Y 1986); *Finch v. Hercules, Inc*., 149 F.R.D. 60, 62 (D.Del. 1993).

It is widely recognized that liberal discovery is necessary to clarify the complex issues encountered in litigation seeking to redress employment discrimination. Thus, the scope of discovery must go beyond the specifics of the plaintiff's claim. *See* e.g. *Louison v. Blue Cross Blue Shield*, 1990 U.S. Dist. LEXIS 9098, 1990 WL 108347 (S.D.N.Y July 23, 1990) ("As for the substantive scope of [plaintiff's discovery] request, it would be inappropriate to exclude complaints concerning discriminatory hiring even though plaintiff is alleging only discriminatory failure to promote and termination, since evidence relating to hiring may be relevant to plaintiff's complaint of wrongful

termination.”). Thus, case law instructs that claimants in discrimination cases should not have unnecessary discovery limitations imposed in their quest to prove their case.

Defendant has indicated that it has not received any other age or sex discrimination or harassment complaints other than that of Plaintiff. The February 1998 Team Member Handbook provided by the Capital Grille construes the term “complaint” broadly. Specifically, the Handbook provides as follows:

> All complaints of harassment should be reported to one of your managers, your Regional Manager, or Nancy Winship in Human Resources . . .

(Exhibit B, Rare Hospitality Handbook, p. ***). Thus, while Defendants attempt to draw a distinction between complaints that warrant inclusion in a personnel file and those that do not, Plaintiff is entitled to review all complaints in the care, custody and control of Defendant, whether they were recorded in an employee’s personnel file or not. Upon information and belief, a complaint was filed by Ron Corbett, an employee of The Capital Grille in Providence, Rhode Island, against Rob Moran alleging harassment based on age and sex. This, and any other complaint, made by any person alleging sex or age discrimination at any Capital Grille location is relevant to the case at bar. As such, Plaintiff respectfully requests that the information be produced.

Respectfully Submitted,

Linda Elliot,
By Her Attorneys,

SAMMARTINO & BERG, LLP

______________________________
/s/ Catherine A. Sammartino, Esquire
R.I. Bar No. 4762
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903

(401) 274-0113
(401) 274-0175

/s/ Marta E. Garrett, Esquire
R.I. Bar No. 7130
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
(401) 274-0113
(401) 274-0175

**CERTIFICATION OF SERVICE**

I hereby certify that on this 25th day of October 2006, this document has been filed electronically, and is available for viewing and downloading to the following counsel of record registered with this Court's ECF system. Paper copies will be served on non-registered attorneys of record, if any.

Sheryl Hanley, Esquire
Raymond Ripple, Esquire
EDWARDS ANGELL PALMER & DODGE, LLP
2800 Financial Plaza
Providence, Rhode Island 02903

/s/ Mary E. Gilson, Legal Assistant