UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA ELLIOT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-479-ML |
| | ) | |
| RARE HOSPITALITY, INC. d/b/a THE CAPITAL GRILLE | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT RARE HOSPITALITY, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant RARE Hospitality, Inc. ("RARE") hereby objects to Plaintiff Linda Elliot's Motion to Compel. In support of its objection, RARE relies on the accompanying Memorandum of Law.

RARE HOSPITALITY, INC.

By its Attorneys,

/s/ Stephen J. MacGillivray
/s/ Sheryl Hanley
/s/ Raymond M. Ripple

Stephen J. MacGillivray (#5416)
Sheryl D. Hanley (#5439)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
smacgillivray@eapdlaw.com
shanley@eapdlaw.com
rripple@eapdlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA ELLIOT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-479-ML |
| | ) | |
| RARE HOSPITALITY, INC. d/b/a THE CAPITAL GRILLE | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT RARE HOSPITALITY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant RARE Hospitality, Inc. ("RARE") hereby objects to Plaintiff Linda Elliot's ("Plaintiff") Motion to Compel Responses to Plaintiff's First Set of Requests for Production of Documents. For the reasons set forth below, Plaintiff's Motion to Compel should be denied.

## I. FACTUAL BACKGROUND

On or about September 26, 2002, RARE terminated the Plaintiff's employment from The Capital Grille on account of repeated complaints regarding the Plaintiff engaging in pushing and shoving of her coworkers during work. Plaintiff, however, claims that the complaints to management regarding pushing and shoving – conduct that the Plaintiff concedes is a terminable offense under RARE's Team Member Handbook and a violation of her previous last chance agreement – were fabricated by several male and female coworkers in an effort to place her in the crosshairs of management and eventually be terminated. Plaintiff further alleges that these same coworkers treated her in a derogatory manner during her final year of employment. Plaintiff attributes this alleged misconduct to harassment on account of her age and gender.

On September 22, 2005, Plaintiff brought suit against RARE alleging claims for hostile work environment discrimination and retaliation in violation of Rhode Island's Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et seq*. and the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1 *et seq*. On or about May 2, 2006, Plaintiff served RARE with her first set of requests for production of documents. On June 20, 2006, RARE served its responses and objections to the first set of requests for production of documents. On October 25, 2006, over four months after RARE produced its documents and objections in response to the first set of requests for production, Plaintiff now seeks an Order from this Court compelling RARE to produce certain financial and tax-related information pertaining to both RARE and Plaintiff's former co-workers at The Capital Grille. Plaintiff further seeks production of documents relating to any complaints of age or gender discrimination at any of The Capital Grille's twenty-six (26) locations nationwide for an eight (8) year period.

## II. <u>ARGUMENT</u>

### A. <u>Plaintiff's Request No. 4 and Request No. 5</u>

In Request for Production of Documents No. 4, Plaintiff seeks the production of W-2s for all servers employed at The Capital Grille's Providence, Rhode Island location during the time period 1998 through 2004. Similarly, in Request for Production No. 5, Plaintiff seeks the production of year-end earnings statements for all The Capital Grille servers from 1998 through 1994. RARE submits that these requests are overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.

Plaintiff argues that her former co-workers' personal earnings and tax information is relevant because it relates to her own "lost earnings information." (Plaintiff's Motion to Compel at 4, 7.) RARE submits, however, that this Court should be hard-pressed to find that the earnings

and wage information of other servers at The Capital Grille over a six year period (including a two year period in which the Plaintiff was not an employee of The Capital Grille) is relevant in any way to Plaintiff's claims. In this case, Plaintiff is seeking compensatory damages as a result of her alleged wrongful termination. In order to prove her damages, Plaintiff merely needs to produce sufficient evidence of her own lost wages. The wages of other servers who may have worked more or less at The Capital Grille are not probative to her discrimination claims.

Moreover, in support of her contention that the wage information of her former colleagues is discoverable, Plaintiff completely misconstrues Ezell v. Potter, C.A. No. 01-637, 2006 U.S. Dist. LEXIS 36929, at *6 (N.D. Ind. Mar. 16, 2006). While the Ezell Court stated that personnel records are generally discoverable, it further held that certain employment information of a plaintiff's former colleagues is not discoverable, including, *inter alia*, an employee's wage information. Id. at *6. Furthermore, the Ezell Court denied the plaintiff's request for the very type of information sought by the Plaintiff in this case.

> Ezell also seeks the personnel files [including wage information] of the 30 other postal carriers with whom he works, arguing that each of these employees is a comparator based on age, race, or sex. Under Ezell's reasoning, any discrimination plaintiff should be able to discover the personnel file of every single coworker who happens to share the plaintiff's job title, regardless of how numerous or truly comparable these coworkers may be. The court declines to adopt this view, particularly when the plaintiff already has had one opportunity to conduct full discovery and is now on his second bite of the apple.

Id. at *7. This is precisely the tactic employed by the Plaintiff in this case. She is seeking the wage information of all servers at The Capital Grille, regardless of their individual circumstances or their relationship to the facts of this case. Accordingly, Plaintiff's reliance on Ezell should be disregarded.

Finally, it would be an unnecessary violation of the other servers' privacy if RARE were compelled to produce the W-2s for all servers employed at The Capital Grille from 1998 through

2004. RARE submits that it would be unreasonable for a server who worked at The Capital Grille from 1998 to 2000, or from 2003 through 2004 (and therefore never would have even met the Plaintiff), to have his or her earnings and wage information made part of the public record when they have no relationship whatsoever to the Plaintiff's claims.

**B. <u>Plaintiff's Request No. 15</u>**

In Request for Production No. 15, Plaintiff seeks the production of any Tip Reporting Alternative Commitments or "TRAC Agreements" for the period 1998 through 2002. RARE agrees to produce documents responsive to this request, subject to the execution of a confidentiality agreement that it mutually acceptable to the parties.

**C. <u>Plaintiff's Request No. 16</u>**

In Request for Production No. 16, Plaintiff seeks the production of "documentation regarding any complaints, whether verbal or in writing, made by any person alleging sex or age discrimination, at any Capital Grille location, from 1998 to the present." Accordingly, Plaintiff seeks documents relating to other complaints of age or sex discrimination made by employees of The Capital Grille at all of its twenty-six (26) locations for a period of over eight (8) years. This request is overbroad in its scope, and not likely to lead the discovery of admissible evidence.

As an initial matter, RARE has located one additional complaint of age discrimination at its Providence location, and has provided the Plaintiff with documentation relative to this request. RARE has further informed Plaintiff's counsel that it is aware of additional documents relating to this request, and is attempting to locate these documents. RARE agrees to produce this additional information relating to the complaint at the Providence location.

RARE, however, objects to the production of documents evidencing any complaints of age or gender discrimination at its other twenty-five (25) locations. Plaintiff is pursuing a hostile

work environment claim and a retaliation claim based on alleged discrimination on account of her age and sex. By their very nature, hostile work environment claims touch on the facts and circumstances of a plaintiff's individual work environment and her interaction with other employees at her place of work. Accordingly, information regarding complaints of discrimination at, for example, The Capital Grille's Dallas, Texas or Milwaukee, Wisconsin locations, is not relevant to Plaintiff's hostile work environment claim. Moreover, Plaintiff's retaliation claim stems from her allegation that she was terminated on account of her complaints regarding the conduct of other servers at the Providence location. As a result, RARE submits that complaints of discrimination at these other locations are beyond the scope of permissible discovery in this case. There are absolutely no allegations in this case that either the Plaintiff or any of her colleagues or supervisors worked at any of The Capital Grille's other locations, or that this information is somehow relevant to Plaintiff's claims. Indeed, in Rodger v. Electronic Data Sys. Corp., 155 F.R.D. 537, 541 (E.D.N.C. 1994), a case relied upon by the Plaintiff in her Motion to Compel, the court declined the Plaintiff's request for company-wide discovery due to its over breadth. Id. (holding that "a trial court should not permit 'fishing expeditions' conducted by plaintiffs, even in a discrimination case"). RARE submits that the court should limit the scope of Plaintiff's Request No. 16 to complaints of age or gender discrimination at its Providence location.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Responses to its First Set of Requests for Production of Documents should be denied. Moreover, Defendant RARE Hospitality, Inc. requests that any hearing on the Plaintiff's Motion to Compel be postponed until following a decision on Defendant's Motion for Summary Judgment, which is currently pending

before the Court. The subject matter that is the subject of Plaintiff's Motion to Compel relates to damages issues only, and has no bearing on the issues raised in the Motion for Summary Judgment.

RARE HOSPITALITY, INC.

By its Attorneys,

/s/ Stephen J. MacGillivray
/s/ Sheryl Hanley
/s/ Raymond M. Ripple

Stephen J. MacGillivray (#5416)
Sheryl D. Hanley (#5439)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
smacgillivray@eapdlaw.com
shanley@eapdlaw.com
rripple@eapdlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document has been filed electronically on this 10th day of November, 2006 and is available for viewing and downloading to the ECF registered counsel of record:

Catherine Sammartino, Esq.
Marta E. Garrett, Esq.
Andrew Berg, Esq.
Sammartino & Berg LLP
128 Dorrance Street, Suite 400
Providence, RI 02903
cas@sbllp.net

/s/ Raymond M. Ripple
Raymond M. Ripple