UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA ELLIOT, Plaintiff, | : | |
| v. | : | CA 05-479 ML |
| RARE HOSPITALITY, INC., d/b/a THE CAPITAL GRILLE, Defendant. | : | |

**ORDER**
**GRANTING IN PART**
**PLAINTIFF'S MOTION TO COMPEL**

Before the Court is the Motion of Plaintiff, Linda Elliot, to Compel Responses to First Requests for Production (Document ("Doc.") #23) ("Motion"). As announced by the Court at the November 30, 2006, hearing, **the Motion is GRANTED in part with respect to Plaintiff's Requests for Production Nos. 4 and 5.** Defendant shall produce within twenty-one days the end of year Earnings Statements[1] and W-2 Forms for those servers who have been identified as potential witnesses by either party in this action or who have been deposed in this action. These documents shall be produced for the five year period beginning January 1, 1998, through December 31, 2002. If the documents are not available for any of these years, Defendant may substitute documents for the years 2003 or 2004.

The remainder of the Motion as to Requests Nos. 4 and 5 is denied without prejudice to being renewed after a decision has been rendered on Defendant's motion for summary judgment. While the Court is not inclined to grant the Motion to the extent

---

[1] By "end of year Earnings Statement," the Court means the weekly (or biweekly) statement which an employee receives from Defendant and which contains information regarding the employee's earnings (regular, overtime, and tips) and reported sales for the final pay period of the year and also "year to date" totals for those categories.

Plaintiff seeks, it is open to hearing further argument regarding Plaintiff's need for the information sought. If Plaintiff renews the Motion, the Court requests that both parties file a short memorandum which focuses solely on these requests as they pertain to other servers who will not be testifying in this action.

To the extent that the Motion seeks further responses as to Requests for Production Nos. 15 and 16, it is ruled moot based on the representation of Plaintiff's counsel at the November 30, 2006, hearing that an agreement has been reached between the parties as to those requests.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
November 30, 2006

BY ORDER:

Deputy Clerk