# Exhibit I

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA ELLIOT, Plaintiff, | ) | |
| v. | ) | C.A. No. 05-049ML |
| RARE HOSPITALITY, INC. d/b/a THE CAPITAL GRILLE, Defendant. | ) | |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Capital Grille Holdings, Inc. (incorrectly identified as RARE Hospitality, Inc., and hereinafter referred to as "Defendant")hereby responds and objects to Plaintiff Linda Elliot's First Set of Requests for Production of Documents as follows:

**General Objection Applicable To All Requests**

1. Defendant objects to providing information protected from disclosure by the attorney-client or work-product privilege.

2. Defendant objects to any request to the extent that it seeks production of information or documents from The Capital Grille that predates its acquisition by Defendant in 1996.

**Responses**

Request No.1. Please provide any and all materials that reference the "head server" title from 1996 through 2002.

**Objection:** Defendant objects to this request to the extent it implies that the term "head server" is an official term used by The Capital Grille.

**Response**: Without waiving the foregoing objection, Defendant's search has not located any responsive documents. To the extent that Defendant discovers any documents responsive to this request, it will produce them in accordance with the Federal Rules of Civil Procedure.

Request No. 14. Please provide Capital Grille's IRS Form 8027 (for the Providence site only) for the tax years 1998 through 2002.

**Objection**: Defendant objects to this request on the grounds that it is overbroad, not relevant, and not likely to lead to the discovery of admissible evidence.

Request No. 15. Please provide any Tip Reporting Alternative Commitment ("TRAC") agreements or variations thereof (example, "EmTRAC," or a TRAC proposed by an employer and accepted by the IRS) for the years 1998 to 2002.

**Objection**: Defendant objects to this request on the grounds that it is overbroad, not relevant, and not likely to lead to the discovery of admissible evidence.

Request No. 16. Please provide documentation regarding any complaints, whether verbal or in writing, made by any person alleging sex or age discrimination, at any Capital Grille location, from 1998 to the present.

**Objection**: Defendant objects to the foregoing request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the request is vague to the extent that it seeks information regarding other "complaints" of discrimination. It is not clear if Plaintiff is seeking information regarding other lawsuits filed, administrative charges filed, internal complaints or all of the above made by any employee. Regardless, claims of sex or age discrimination in The Capital Grille's Providence, Rhode Island location or any other of The Capital Grille locations are not germane to Plaintiff's claims.

Defendant further objects to this request on the grounds that it seeks confidential information about third parties who are not parties to this lawsuit and the unlimited disclosure of this information would be an unreasonable intrusion on their privacy.

**Response:** Without waiving the foregoing objection, Defendant's search has not located any responsive documents of sex or age discrimination "complaints" from anyone other than Plaintiff in its Providence location. To the extent that Defendant discovers any documents responsive to this request, it will produce them in accordance with the Federal Rules of Civil Procedure and subject to a mutually agreeable protective order.

Request No. 17. Please provide documentation regarding any complaints, whether verbal or in writing, made by any person alleging sex or age discrimination at the Capital Grille's Providence, Rhode Island location from 1998 to the present.

**Objection:** Defendant objects to the foregoing request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. More specifically, Plaintiff's request is overbroad in that it seeks documents following Ms. Elliot's termination in 2002. Additionally, the request is vague to the extent that it seeks information regarding other "complaints" of discrimination. It is not clear if Plaintiff is seeking information regarding other lawsuits filed, administrative charges filed, internal complaints or all of the above made by any employee. "Complaints" of age or gender discrimination made against the individual(s) who were responsible for the decision to discharge the Plaintiff could potentially be relevant to Plaintiff's claims and Defendant will respond to the request in that respect.

Defendant further objects to this request on the grounds that it seeks confidential information about third parties who are not parties to this lawsuit and the unlimited disclosure of this information would be an unreasonable intrusion on their privacy.

**Response**: Without waiving the foregoing objection, Defendant's search has not located any responsive documents of sex or age discrimination "complaints" from anyone other than Plaintiff in its Providence location. To the extent that Defendant discovers any documents responsive to this request, it will produce them in accordance with the Federal Rules of Civil Procedure and subject to a mutually agreeable protective order.

CAPITAL GRILLE HOLDINGS, INC.,

By its Attorneys,

Sheryl D. Hanley

Sheryl D. Hanley (#5439)
Raymond M. Ripple (#6489)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
Telephone: 401-274-9200
Fax: 401-276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of June, 2006, I sent by first-class mail, postage prepaid, a copy of the foregoing Defendant's Responses to Plaintiff's First Request for Production to the following counsel of record:

Catherine A. Sammartino, Esq.
Martha E. Garrett, Esq.
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903

Sheryl D. Hanley

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA ELLIOT, Plaintiff, | ) | |
| v. | ) | C.A. No. 05-0479ML |
| RARE HOSPITALITY, INC. d/b/a THE CAPITAL GRILLE, Defendant. | ) | |

**DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant RARE Hospitality, Inc.. ("RARE") hereby supplements its responses to Plaintiff Linda Elliot's First Set of Requests for Production of Documents as follows:

**General Objection Applicable To All Requests**

1. RARE objects to providing information protected from disclosure by the attorney-client or work-product privilege.

2. RARE objects to any request to the extent that it seeks production of information or documents from The Capital Grille that predates its acquisition by RARE in 1996.

**Requests**

Request No. 17. Please provide documentation regarding any complaints, whether verbal or in writing, made by any person alleging sex or age discrimination at the Capital Grille's Providence, Rhode Island location from 1998 to the present.

**Objection:** RARE objects to the foregoing request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence. More specifically, Plaintiff's request is overbroad in that it seeks documents following Ms. Elliot's termination in 2002. Additionally, the request is vague to the extent that it seeks information regarding other "complaints" of discrimination. It is not clear if Plaintiff is seeking information regarding other lawsuits filed, administrative charges filed, internal complaints or all of the above made by any employee. "Complaints" of age or gender discrimination made against the individual(s) who were responsible for the decision to discharge the Plaintiff could potentially be relevant to Plaintiff's claims and Defendant will respond to the request in that respect.

Defendant further objects to this request on the grounds that it seeks confidential information about third parties who are not parties to this lawsuit and the unlimited disclosure of this information would be an unreasonable intrusion on their privacy.

**Response**: Without waiving the foregoing objection, Defendant's search has not located any responsive documents of sex or age discrimination "complaints" from anyone other than Plaintiff in its Providence location. To the extent that Defendant discovers any documents responsive to this request, it will produce them in accordance with the Federal Rules of Civil Procedure and subject to a mutually agreeable protective order.

**Supplemental Response:** Notwithstanding the foregoing General Objections and specific objection relating to this request, and without waiving those objections, RARE will produce responsive documents. See documents at Tab 1.

CAPITAL GRILLE HOLDINGS, INC.,

By its Attorneys,

Steven MacGillivray (#5416)
Sheryl D. Hanley (#5439)
Raymond M. Ripple (#6489)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
Telephone: 401-274-9200
Fax: 401-276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of November, 2006, I sent by first-class mail, postage prepaid, a copy of the foregoing Defendant's Supplemental Responses to Plaintiff's First Request for Production to the following counsel of record:

Catherine A. Sammartino, Esq.
Martha E. Garrett, Esq.
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903

Sheryl D. Hanley

# Grievance with Rob Moran

As a certified trainer for the Providence Capital Grille, I have helped hundreds of new servers become more productive by guiding through their orientation training. This includes Rob Moran.

As a help to management and a service to incoming waitstaff, I have devoted my personal time, for the past 10 years to coach new servers concerning food specs - including Rob Moran.

As a head server for 12 years, I have literally handled thousands of server cashouts. I am respectful of each server's time and strive to do these transactions in a friendly yet efficient way. This has always been the case with Rob Moran.

As a Capital Grille team member for 14 years, I have had to work with many diverse personalities. I have enjoyed an easy working relationship with almost everyone I've encountered from dishwashers to General Managers.

## A Pivotal Change

About two years ago, I mutual acquaintance (E. Anthony - a former head server at the Grille) informed me that I should stop trying to be friends with Rob Moran. To my amazement, I was told that Rob "hated my guts" and beyond that despised me.

Rather than return hate with hate, I chose to become indifferent to Rob. Although we had to work together, Rob is not a significant person in my life. As long as he didn't target his irrational hatred at me personally, we could still work together.

Rob has chosen a different tact. He has become obsessed with my every movement, my every utterance - often parroting what I've just said.

## Differing Philosophies

Rob is very local amongst the staff and has often called the servers that he works with losers. Losers, because we are the struggling working class and have no other options.

I disagree. I work at the Capital Grille because I choose to work here. I am very protective of this business that provides gainful employment for sixty-plus employees and dining enjoyment for vast numbers of guests. That is why I contribute to the welfare of the Capital Grille community in additional ways as a certified trainer, food specs coach and head server.

## The Incident

Which brings me to Thursday June 10, 2004 at 5:05 PM. Taken out of context these verbal exchanges will sound trivial and rather comical. Given the context of taking place in front of my coworkers they are and were deadly serious.

The entire upstairs crew was in the pantry to wrap lemons which is our collective sidework. Chris Hadad, Peter Dimilla, Amy McLaughlin, Bob Carlin, Rob Moran and I were wrapping lemons. I took a salad bowl to

gathered some lemon halves, wraps and ties to go sit down away from the table which was full.

"Yeah, big help - six lemons," Rob says under his breath but loud enough for me to hear it.

"Do you want to count them?" I said as I placed the bowl in front of Rob. Then all hell broke lose.

"You're a loser." Rob says. Rob was now targeting me, Ron Corbett, as a loser not servers in general. He had never said this before.

"We're all losers, but you're not?" I said.

"You're a sixty year old waiter. What a loser!" Rob fired back.

On June 17 I turned 54. I run five miles a day! Rob has to be pushing 50. The slur about my age was meant to be an enflamatory remark. Rob had violated the Rare age discrimination policy.

"Why don't you quit today and become a doctor?" I said.

"You're a joke. No good looking young man would want to be with you." said Rob.

At that comment I was at a loss for words. This was a slanderous attack on my sexual orientation in front of my peers. Rob had violated the Rare sexual harassment policy.

"You're pathetic. No wonder E. Anthony won't have anything to do with you." said Rob.

Again a stunner. Everyone knows that E Anthony is gay. Again, Rob had violated the Rare sexual harassment policy. He left the pantry area to check out the dinning room.

I was so furious that I may have punched him out or said something I would regret. But I decided to stay in control of my emotions. When Rob returned, he was finished:

"I'll be a millionaire and you'll still be a loser waiter." Rob said.

"You may inherit a million but you've done nothing to earn it." I said.

At this point manager Steve Lydon became aware of our heated exchange and asked me what was going on. I told him that Rob had been relentlessly taunting me from just after preshift.

Chris Hadad said to me, " You must hate coming to work."

Tom Mac Donald handed me a piece of note paper stating a score: Ron 2, Rob 0. I was not enjoying being entertainment for my fellow servers.

## My Reaction

Immediately I reported the incident to my manager Ron Mesa. Rob had been unpleasant and rude to me for several years but he had entered new category of full-blown harassment. I told Ron Mesa that I wanted this

incident reported as is the first mechanism for handling harassment. He gave me a Rare employee hand book suggested that I read the section on harassment and fill out pages 45 & 46.

I worked my shift ironically next to Rob Moran. At the end of my shift, I sat down with the closing manager Steve Lydon and recounted the incident and how inappropriate Rob's actions had become. Steve agreed that something had to be done but infomed me that general manager Ken Osgood was out of town.

When I left work on Thursday June10, both managers were aware of the incident and were helpful in helping me to form a response.

Friday June 11, 2004

Before leaving for work at the Grille, I mailed my grievance form to the Sr. Director of Employee Relations in Atlanta as we are instructed to do in the handbook.

When I arrived at work, I exchanged pleasantries with Peter Dimilla:

"How was your day?" said Peter.

"Good, but I'll juggling a lot of balls." I said meaning I had a full plate.

Rob Moran happened to be passing by at the time and had to chime in with "Yeah sure, juggling lots of balls." I had been in the building only five minutes and Rob was taunting me again.

It seemed that Rob was ready to continue the harassment. As I was setting up my station, Rob was talking to the hostess as he set up his. I couldn't hear the context but he said my first and last name loud enough so that I could hear it.

I was glad that I had mailed off the grievance form. The resolution of this incident was now out of my hands. The corporate mechanism that was in place before the incident will now help guide everyone involved. Part of that is my written statement which is this document.

After our preshift meeting on Friday June 11, managers Ron Mesa and Steve Lydon took Rob Moran into the office for a private conversation. Rob and I have not talked since.

Donald Campbell — June 14, 2004

signature — date

## Employee Grievance Form

Use the following form to file a written grievance for complaints of harassment or other job-related problems or concerns. Your complaint is important and will be handled in a confidential and expeditious manner. Attach additional sheets if more space is needed.

### Employee Grievance Form

Date 6/10/04 Location PROV. CG

Team Member Name RON CORBETT

Manager Name RON MESA

State Your Problem or Concern:

ROB MORAN HAS DISPLAYED AN IRRATIONAL HATRED FOR TEAM MEMBER FOR ATLEAST 2YR. RON HAS NOT RESOLVED THIS BUT MUST NOW ADDRESS ROBS HOSTILE BEHAVIOR WITH MANAGEMENT'S HELP

When Did This Occur?

| | |
|---|---|
| Date 6/10/04 | Time 5:05 PM |

Who else was involved in your problem or concern?

| | |
|---|---|
| Name: ROB MORAN | Position: SERVER |
| Name: | Position: |
| Name: | Position: |

Were there any witnesses?

| | |
|---|---|
| Name CHRIS HADAD | Position SERVER |
| Name PETER DIMILLA | Position SERVER |

More on next page

What part(s) of the handbook was/were violated?

INSULTING + DEGRADING SEXUAL REMARKS
VERBAL + PHYSICAL CONDUCT SHOWS HOSTILITY TOWARDS
TEAM MEMBER + FAMILIES BECAUSE OF AGE
[illegible] JOKES, INTIMIDATING THREATENING
A HOSTILE ACT

Send this completed form to:

S. Director of Employee Relations
RARE Hospitality International, Inc.
8215 Roswell Road, Building 600
Atlanta, Georgia 30350

Received By:

Date:

Response:

Signed: Date:

Next Step?

By What Date?