# Exhibit L

Linda F. Elliot
11 Cooke Drive
North Scituate, RI 02857

ssn.
Mailing Date: November 14, 2002
(401) 647-2571

Department of Labor and Training
Central Adjudication Unit
P.O. Box 20067

RE: DENIED BENEFITS No. 02-22802 Mailing date : November 8, 2002

I am writing to you because I wish to appeal your decision to deny me my unemployment benefits. I continue to maintain that I have never intentionally caused harm to another employee while I was employed at the Capital Grille in Providence. Therefore, I challenge Mr. Osgood to show proof of his charges of inappropriate behavior.

This is a statement of an incident that occurred on September 21, 2002.

I am writing this letter to you because I was terminated through no fault of mine. On September 21, 2002, at about 10:30 p.m. as I approached the service bar to return a full tray of dirty cocktail glasses, I saw Robert Morin standing at the service window. I called out to him that I was behind him, coming in on his left, to avoid an accident. It was at that time that Robert Morin called me a "bitch". My reply to him was "to knock it off", however, Robert Morin kept on calling me disrespectful names. I left the service bar area and proceeded back to the dinning room. Robert Morin followed me into the dinning room and called out at me "to lick his dick". Robert's comments to me were inappropriate and I felt it necessary to report the incident to the manager on duty, Steve Lydon. Steve told me that he would speak to Ken Osgood, GM. On September 26, 2002 I was terminated by Ken Osgood at about 4:10 pm. I asked him for what reason? He told me that I would receive a letter of explanation by mail, however, to date, I have never received a letter explaining his reason.

I followed the proper procedure in reporting Robert Morin's inappropriate behavior to management and I was terminated. I have also reported other incidents of inappropriate behavior from other employees to Ken Osgood and I was punished by him. Other women who have been harassed by male employees while working at the Capital Grille and reported their complaints to management have also been terminated.

Respectfully,

Linda Elliot

January 7, 2003

Rhode Island Department of Labor and Training
Central Adjudication
P.O. Box 20067
Cranston, Rhode Island 02920

**Re: Linda Elliot/The Capital Grille**
**File No.**

Dear Sir or Madam:

This office has been retained by Ms. Linda Elliot with regard to her appeal of the Department of Labor and Training's (the "Department") denial of her entitlement to unemployment benefits (the "Denial").

Please accept this correspondence as Ms. Elliot's position statement relevant to the Denial. For all of the reasons set forth below, the Denial ought to be reversed.

**The Applicable Legal Standard.** Rhode Island General Laws §28-44-18, *Discharge for Misconduct*, governs the Department's evaluation of the Denial.

Specifically, "misconduct" for purposes of unemployment benefits denial comprises an employee's "deliberate conduct in willful disregard of the employer's interest, or a knowing violation of a reasonable and uniformly enforced rule or policy of the employer." Rhode Island General Laws §28-44-18.

The Rhode Island Supreme Court's seminal decision in the matter of *Turner v. Dep't of Employment Security*, 479 A.2d 740, 741 (R.I. 1984), further governs the Department's evaluation of this matter. In *Turner*, the Rhode Island Supreme Court examines the term "misconduct" for purposes of unemployment benefits denial and clarifies that term as follows:

> Misconduct is limited to conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal

> culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employee's obligations and duties
> to his employer. On the other hand, mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence, in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of [the Rhode Island Employment Security Act; R. I. Gen. Laws §28-44-18}.

Moreover, the broad and rehabilitative purpose of the Employment Security Act also must be considered. *Harraka v Board of Review of Dept of Employment Security*, 98 RI 197, 201, 200 A. 2d 595, 597 (1964). (The Employment Security Act "shall be construed liberally in aid of their declared purpose, which declared purpose is to lighten the burden which now falls upon the unemployed worker and his family...This court ...must seek to give as broad an effect to its humanitarian purpose as it reasonably may in the circumstances.")

Misconduct must be demonstrated by "reliable, probative, and substantial evidence. *Guarino v. Dept of Social Welfare*, 122 RI 583, 410 A2d 425 (1980), *citing* Rhode Island General Laws §42-35-15(g)(5).

Upon application of the above standards to the facts set forth below, the Department's denial of Ms. Ellliot's entitlement to unemployment benefits must be reversed.

**The Relevant Burden of Proof.** In cases of termination, the employer bears the burden of proving that the complainant committed an act of misconduct in connection with his or her work. *Biros v. Dept of Employment and Training, Board of Review,* AA 92-378.

**Factual Background.** In this matter, Ms. Elliot, an employee of almost twelve years, summarily was fired[1] for alleged "pushing" of a server. However, this server had been involved in a campaign of harassment of Ms. Elliot, including verbal abuse, shoving and pushing, and suspected usurpation of her server number to "merge" Ms. Elliot's guest checks. This "merging" of guest checks required the checks to be "unmerged," required the assistance of a

[1] Mr. Gauvin's summary termination, without the opportunity to present his position, violates Microfibre's Progressive Discipline policy.

DET-BR-1ES (Rev. 5/99)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

EO 02

# Board of Review

275 Westminster Street, Providence, RI 02903-3434
Telephone (401) 222-3533 Fax (401) 222-3514
WEBSITE: WWW.DLT.STATE.RI.US/BOR

Thomas J. Daniels
Chairman
Nathaniel J. Rendine
Sarah P. Carter

## NOTICE OF REFEREE HEARING

LINDA F ELLIOTT
11 COOKE DRIVE
NORTH SCITUATE, RI 02857-1609

MAILING DATE: January 7, 2003
SSN:
APPEAL NUMBER: 20024430 UC
DATE OF APPEAL: November 22, 2002

THIS IS NOTICE TO THE FOLLOWING:
Director
Claimant
Employer

YOU ARE NOTIFIED TO APPEAR ON:

**DAY**: Wednesday **DATE**: January 15, 2003 **TIME**: 1:00 PM

Board of Review, 275 Westminster Street, 3rd Floor, Providence, RI 02903-3434

for hearing on the appeal from a Director's decision denying benefits under the following provision of the Rhode Island Employment Security Act:

28-44-18 DISCHARGE UNDER DISQUALIFYING CIRCUMSTANCES

**IMPORTANT**: THIS MAY BE THE ONLY HEARING PROVIDED ON THIS MATTER. AN INTERESTED PARTY DOES HAVE THE RIGHT TO APPEAL FROM A DECISION OF A REFEREE AND REQUEST A REVIEW OF THAT DECISION BY THE BOARD OF REVIEW. **FOR THE MOST PART, HOWEVER, BOARD OF REVIEW DECISIONS ARE MADE ON REVIEW ONLY, WITHOUT ANOTHER HEARING (REF RIGL 28-44-47)**. ALL PARTIES, THEREFORE, SHOULD APPEAR. DO NOT BE LATE. **PLEASE REPORT AHEAD OF TIME TO REVIEW THE RECORD.**

**ESTE ES UN AVISO IMPORTANTE. PORFAVOR TRAIGASE UN INTERPRETE.**

cc: DIRECTOR
ROBYN FACTOR, ATTY
CATHERINE SAMMARTINO, ATTY
KEVIN A. SALMON

KENNETH OSGOOD
CAPITAL GRILLE
ONE UNION STATION
PROVIDENCE, RI 02903-3248

**IMPORTANT INSTRUCTIONS ON REVERSE SIDE**

**TO ALL INTERESTED PARTIES**

**A. THE HEARING PROCESS:**

1. The *hearing* will be conducted under the control and authority of an Appeal Tribunal (Referee). He/she will develop all facts bearing on the issues without regard to statutory and common-law rules of evidence.
2. It is in your interest to make sure that your version of this case is fully and properly placed on the record made at this hearing.

**B. REPRESENTATION:**

1. You may be represented at this hearing by an attorney or any other person. However, your failure to exercise that right prior to the hearing will not be accepted as justification for a continuance to obtain such representation.

**C. WHAT YOU SHOULD BRING TO THE HEARING:**

1. You may present all statements, papers, affidavits and any other physical evidence important to the case.
2. You may bring any witness who can testify **from first-hand** knowledge concerning the matter to be resolved. A person who can testify only as to what he was told by someone else is giving "hearsay" testimony.
3. In cases involving health, a medical statement signed by a licensed physician is important and may be necessary.
4. An interpreter, if needed, should accompany you.

**D. PROMPTNESS:**

1. The failure of the appealing party to appear on time may result in the dismissal of the appeal. The failure of any other party to appear on time may result in the loss, for that party, of the opportunity to provide testimony and evidence.

**E. POSTPONEMENTS:**

1. Postponement of this **hearing will not be** granted, except for good cause.
2. A request for postponement must be directed to the Referee.

**F. WITHDRAWAL:**

1. You may withdraw your appeal by writing to this office and stating your reason.

**G. ADDITIONAL INFORMATION:**

1. If you have any questions about the appeals process, call the Board of Review at 401-222-3533.

**H. AMERICANS WITH DISABILITIES ACT:**

1. In compliance with the Americans with Disabilities Act and the Rhode Island Governor's Commission on the Handicapped, we will make reasonable accommodations to ensure access. Participants with disabilities who require special accommodations should call 401-222-3533 48 hours in advance.

**I. EMERGENCY POSTPONEMENT:**

1. Emergency postponement. In the event of a last minute emergency preventing your appearance before the Board of Review, please call the Board at (401) 222-3533, **prior** to your scheduled hearing.

DET-BR-1ES (Rev. 5/99) EO 02

STATE . RHODE ISLAND AND PROVIDENCE PL... TATIONS

# Board of Review

275 Westminster Street, Providence, RI 02903-3434
Telephone (401) 222-3533 Fax (401) 222-3514
WEBSITE: WWW.DLT.STATE.RI.US/BOR

Thomas J. Daniels
Chairman
Nathaniel J. Rendine
Sarah P. Carter

## NOTICE OF REFEREE HEARING

MAILING DATE: December 18, 2002
SSN:
APPEAL NUMBER: 20024430 UC
DATE OF APPEAL: November 22, 2002

LINDA F ELLIOTT
11 COOKE DRIVE
NORTH SCITUATE, RI 02857-1609

THIS IS NOTICE TO THE FOLLOWING:
Director
Claimant
Employer

YOU ARE NOTIFIED TO APPEAR ON:

**DAY:** Tuesday **DATE:** January 7, 2003 **TIME:** 12:30 PM

Board of Review, 275 Westminster Street, 3rd Floor, Providence, RI 02903-3434

for hearing on the appeal from a Director's decision denying benefits under the following provision of the Rhode Island Employment Security Act:

28-44-18 DISCHARGE UNDER DISQUALIFYING CIRCUMSTANCES

**IMPORTANT:** THIS MAY BE THE ONLY HEARING PROVIDED ON THIS MATTER. AN INTERESTED PARTY DOES HAVE THE RIGHT TO APPEAL FROM A DECISION OF A REFEREE AND REQUEST A REVIEW OF THAT DECISION BY THE BOARD OF REVIEW. **FOR THE MOST PART, HOWEVER, BOARD OF REVIEW DECISIONS ARE MADE ON REVIEW ONLY, WITHOUT ANOTHER HEARING (REF RIGL 28-44-47).** ALL PARTIES, THEREFORE, SHOULD APPEAR. DO NOT BE LATE. **PLEASE REPORT AHEAD OF TIME TO REVIEW THE RECORD.**

**ESTE ES UN AVISO IMPORTANTE. PORFAVOR TRAIGASE UN INTERPRETE.**

cc: DIRECTOR
ROBYN FACTOR, ATTY

KENNETH OSGOOD
CAPITAL GRILLE
ONE UNION STATION
PROVIDENCE, RI 02903-3248

**IMPORTANT INSTRUCTIONS ON REVERSE SIDE**

# TO ALL INTERESTED PARTIES

**A. THE HEARING PROCESS:**

1. The hearing will be conducted under the control and authority of an Appeal Tribunal (Referee). He/she will develop all facts bearing on the issues without regard to statutory and common-law rules of evidence.
2. It is in your interest to make sure that your version of this case is fully and properly placed on the record made at this hearing.

**B. REPRESENTATION:**

1. You may be represented at this hearing by an attorney or any other person. However, your failure to exercise that right prior to the hearing will not be accepted as justification for a continuance to obtain such representation.

**C. WHAT YOU SHOULD BRING TO THE HEARING:**

1. You may present all statements, papers, affidavits and any other physical evidence important to the case.
2. You may bring any witness who can testify **from first-hand** knowledge concerning the matter to be resolved. A person who can testify only as to what he was told by someone else is giving "hearsay" testimony.
3. In cases involving health, a medical statement signed by a licensed physician is important and may be necessary.
4. An interpreter, if needed, should accompany you.

**D. PROMPTNESS:**

1. The failure of the appealing party to appear on time may result in the dismissal of the appeal. The failure of any other party to appear on time may result in the loss, for that party, of the opportunity to provide testimony and evidence.

**E. POSTPONEMENTS:**

1. Postponement of this **hearing will not be** granted, except for good cause.
2. A request for postponement must be directed to the Referee.

**F. WITHDRAWAL:**

1. You may withdraw your appeal by writing to this office and stating your reason.

**G. ADDITIONAL INFORMATION:**

1. If you have any questions about the appeals process, call the Board of Review at 401-222-3533.

**H. AMERICANS WITH DISABILITIES ACT:**

1. In compliance with the Americans with Disabilities Act and the Rhode Island Governor's Commission on the Handicapped, we will make reasonable accommodations to ensure access. Participants with disabilities who require special accommodations should call 401-222-3533 48 hours in advance.

**I. EMERGENCY POSTPONEMENT:**

1. Emergency postponement. In the event of a last minute emergency preventing your appearance before the Board of Review, please call the Board at (401) 222-3533, **prior** to your scheduled hearing.

DET-BR-3ES (Rev. 05/99) EO-02

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# Board of Review

275 Westminster Street, Providence, RI 02903-3434
Telephone (401) 222-3533 Fax (401) 222-3514
WEBSITE: WWW.DLT.STATE.RI.US/BOR

Thomas J. Daniels
Chairman
Nathaniel J. Rendine
Sarah P. Carter

LINDA F ELLIOTT
11 COOKE DRIVE
NORTH SCITUATE, RI 02857-1609

MAILING DATE: February 3, 2003
SSN:
APPEAL NUMBER: 20024430 UC
DATE OF APPEAL: November 22, 2002
HEARING DATE: January 21, 2003
CAU NUMBER: 02-22802

## DECISION OF REFEREE

1. TRAVEL OF THE CASE:

The claimant was employed by the employer for approximately twelve years. Her last day of work was September 25, 2002. She filed a claim for Employment Security benefits on September 27, 2002. The Director determined that the claimant was discharged under disqualifying circumstances under the provisions of Section 28-44-18 of the Rhode Island Employment Security Act. The claimant filed a timely appeal of this decision on November 22, 2002. The hearing was originally scheduled for December 18, 2002 and continued to January 7, 2003. The claimant, with two attorneys appeared and testified. Two employer representatives, with an agent, also appeared. One of the employer representatives testified. This hearing was continued to January 15, 2003 and rescheduled to January 21, 2003. At the continuation of the hearing, the claimant, with two attorneys appeared and testified. The employer was represented only by an agent.

2. FINDINGS OF FACT:

The claimant was employed as head server by the employer. The claimant had received prior warnings regarding incidents of disorderly conduct toward other employees. On September 21, 2002, the claimant was working in the employer's restaurant. A co-worker accused her of pushing and shoving him. On September 26, 2002, the claimant was called to a meeting with the managing partner, who informed the claimant that she was being terminated due to an incident on September 21, 2002 when she pushed and shoved another employee. He did not offer the claimant an opportunity to discuss the matter.

3. CONCLUSION:

The issue involved is whether or not the claimant was discharged from this job under disqualifying circumstances within the provisions of Section 28-44-18 of the Rhode Island Employment Security Act.

An individual who is discharged for reasons of proven misconduct in connection with his work must be held to have been terminated under disqualifying circumstances under the provisions of Section 28-44-18 which provides, in part, as follows:

> For the purposes of this section, misconduct shall be defined as deliberate conduct in willful disregard of the employer's interest, or a knowing violation of a reasonable and uniformly enforced rule or policy of the employer, provided that such violation is not shown to be as a result of the employee's incompetence. Notwithstanding any other provisions of chapters 42 - 44 of this title, this section shall be construed in a manner, which is fair and reasonable to both the employer and the employed worker.

In the case of Turner vs. Department of Employment and Training, Board of Review, 479 A 2d 740, 741-42 (R.I. 1984), the Rhode Island Supreme Court adopted a general definition of the term, "misconduct", as enunciated in Boynton Cab Co. vs. Newbeck, 237 Wis. 249, 296 N.W. 636 (1941):

> "[M]isconduct' ... is limited to conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed 'misconduct' within the meaning of the statute." *Id.* at 259-60, 296 N.W. at 640."

The burden of proof in establishing misconduct in connection with the work rests solely on the employer. In this case the employer has not met this burden. The employer representative who testified at the hearing had no personal knowledge of the situation which was the basis of her termination. He did not question the claimant regarding the incident prior to terminating her. There was no evidence presented at the hearing, which would establish that the claimant's actions constituted deliberate conduct in willful disregard of the employer's interest within the meaning of Section 28-44-18 of the Rhode Island Employment Security Act. Therefore, benefits must be granted on this issue.

4. DECISION:

The decision of the Director is reversed. The claimant was discharged, but not for reasons of misconduct in connection with the work. Because of this, benefits cannot be denied under the provisions of Section 28-44-18 of the Rhode Island Employment Security Act.

***APPEAL RIGHTS***

*This decision will become final unless, within fifteen (15) calendar days of the mailing date hereof, you file an appeal in writing to the Board of Review for the Department of Labor & Training. The appeal can be delivered, mailed, faxed or e-mailed to the Board at 275 Westminster Street, Providence, RI, 02903-3434. Fax number: (401) 222-3514.*
*E-mail: BORINFO@DLT.STATE.RI.US WEBSITE: WWW.DLT.STATE.RI.US/BOR/*

**DERECHOS DE APELAR**

**Esta decisión sera finalisada a menos que, dentro de quince (15) días del calendario de la fecha que se le envió la decisión, usted apele en escrito al Board of Review para el Departamento de Labor y Entrenamiento. Puede entregar la apelación por correo, telefax o e-enviar a el Board a la direction 275 Westminster Street, Providence, RI, 02903-3434. Numero de Fax: 401-222-3514. E-enviar: BORINFO@dlt.state.ri.us. WEBSITE: www.dlt.state.ri/us/bor**

BOARD OF REVIEW

BY Nancy L. Howarth
NANCY L. HOWARTH, REFEREE

cc: DIRECTOR
ROBYN FACTOR, ATTY
CATHERINE SAMMARTINO, ATTY
KEVIN A. SALMON

KENNETH OSGOOD
CAPITAL GRILLE
ONE UNION STATION
PROVIDENCE, RI 02903-3248