UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA ELLIOT<br><br>Plaintiff,<br><br>v.<br><br>RARE HOSPITALITY, INC. d/b/a THE CAPITAL GRILLE<br><br>Defendant. | ) | C.A. No. 05-479-ML |

**DEFENDANT RARE HOSPITALITY, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant RARE Hospitality, Inc. ("RARE") filed a motion for summary judgment as to all of Plaintiff Linda Elliot's ("Plaintiff") causes of action. Plaintiff strains to defeat summary judgment primarily by attempting to dispute a host of RARE's Undisputed Facts and by conflating her allegations of gender-based harassment and retaliation. While refusing to formally admit a host of truly uncontested facts, Plaintiff fails to direct the Court to specific facts supported by competent evidence that would allow a jury to conclude that her work environment was permeated with severe or pervasive harassment or that the stated reason for her termination was a pretext for an unlawful motive. Also, Plaintiff appears to now completely abandon her claims based on age discrimination. Finally, even applying the Kolstad standard, Plaintiff's request for punitive damages fails because Plaintiff is unable to establish that RARE acted with "malice or reckless indifference" to the Plaintiff's statutory rights. Accordingly, RARE's Motion for Summary Judgment should be granted.

## I. There Are No Genuine Issues of Material Fact That Preclude The Entry of Summary Judgment.

As an initial matter, Plaintiff admits that there is no dispute regarding twenty-nine of the fifty-seven paragraphs of undisputed facts submitted by RARE. (See Defendant's Statement at ¶¶ 1, 3, 12, 14, 18-19, 21, 22, 24, 25, 27, 29, 32-33, 35, 37-39, 45-51, and 54-57). Also, a review of Plaintiff's Disputed Facts, filed pursuant to Local Rule Cv 56, reveals that Plaintiff admits the overwhelming majority of the facts submitted by RARE as undisputed. With respect to the twenty-eight remaining paragraphs in RARE's Statement of Undisputed Facts, Plaintiff either does not respond (and therefore admits the fact pursuant to Local Rule Cv 56(a)(3)) (see Defendant's Statement at ¶ 26), simply adds her own characterization of the fact without admitting or denying it (see id. at ¶¶ 2, 4-6, 8, 9, 10, 11, 13, 15, 16, 17, 20, 28, 31, 34, 36, 40, 41, 42, 52, 53), or attempts to dispute a fact without relying on competent evidence. (See id. at ¶¶ 7, 30, 44). Indeed, on numerous occasions the Plaintiff simply recasts the RARE's undisputed fact without providing any evidentiary support.[1]

In addition to responding to RARE's Statement of Undisputed Facts, Plaintiff submitted twenty-seven "undisputed," material facts that she contends relate to the issues presented in the Motion for Summary Judgment. These additional facts, however, are primarily mere repetitions of the facts submitted by RARE as undisputed. The few truly additional facts are either immaterial or supported by inadmissible evidence. See D.R.I. LR Cv 56(a)(4). Accordingly, RARE submits that there are no genuine issues of material fact that preclude consideration of the legal issues presented in its Motion. See Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995) (a fact is "material" if it "has the capacity to sway the outcome of the litigation"). Plaintiff therefore properly bears the burden of proving to the Court that there are

[1] Of course, factual statements made on "information and belief" are insufficient when responding to a motion for summary judgment. Fed. R. Civ. P. 56(e).

"specific facts sufficient to deflect the swing of the summary judgment scythe." Continental Cas. Co. v. Canadian Universal Ins. Co., 924 F.2d 370 (1st Cir. 1991).

## II. **To The Extent Plaintiff Is Now Pursuing Disparate Treatment Claims, Those Claims Fail Because They Have Been Raised For The First Time In The Opposition To The Motion For Summary Judgment.**

In her Complaint, Plaintiff alleges only two distinct claims for gender discrimination under the Rhode Island Fair Employment Practices Act ("FEPA"): hostile work environment (Count I) and retaliation (Count II). However, in her Opposition to RARE's Motion for Summary Judgment, Plaintiff newly asserts that her gender discrimination claims "are based on theories of hostile work environment, disparate discipline, disparate treatment of employee complaints, and retaliation." (Pl. Mem. of Law at 7.) To the extent that Plaintiff is now pursuing claims for disparate treatment (whether by way of discipline or "employee complaints") those claims fail. Disparate treatment is a legal claim distinct from hostile work environment or retaliation, and Plaintiff should not be permitted to raise such a claim for the first time at the summary judgment stage after failing to have alleged such a claim in her Charge of Discrimination or her Complaint. See Barber v. Verizon New England, Inc., C.A. No. 05-390-ML, 2006 WL 3524465, at *7 (D.R.I. Dec. 6, 2006) (citing Green v. Parker Hannifin Corp., No. 3-04-11139, 2006 WL 229043 (M.D. Tenn. Jan. 30, 2006)).

## III. **Plaintiff Has Not Established Sufficient Facts By Competent, Admissible Evidence To Support A *Prima Facie* Case Of Gender-Based Hostile Work Environment.**

In her Opposition, Plaintiff fails to put forth specific facts by way of competent evidence to defeat RARE's request for summary judgment as to her hostile work environment claim. Instead, in an effort to manufacture a genuine issue of material fact, Plaintiff attempts to buttress her allegations of discrimination by (1) omitting that a lead player in her confrontations with colleagues was another woman, Regina Curran; (2) expanding the timeframe of the alleged

discrimination beyond the period alleged in her Charge of Discrimination; (3) relying on inadmissible evidence; and (4) relying on conduct that occurred after her termination as evidence of discrimination.

First, Plaintiff completely fails to acknowledge in her Opposition that, in addition to the male coworkers with whom she allegedly had problems, she also had difficult interactions with Regina Curran, a female server. Instead, Plaintiff cites only to her difficulties with male servers as evidence that she was mistreated and misbelieved because she is a woman, while failing to recognize that the event which resulted in the issuance of her "last chance agreement" was a result of an altercation with another woman that was documented and acted on appropriately by management. (Defendant's Statement at ¶¶ 17 – 18.)

Second, Plaintiff alleges on several occasions in her Opposition and Statement of Disputed Facts that she suffered "long term harassment" by male co-workers. (See, e.g., Pl. Opp. at 11 ("Plaintiff endured repeated and long-term (over a period of two years) harassment . . . ."); Pl. Opp. at 9 ("Plaintiff was subjected over a period of more than two years to chronic offensive verbal abuse . . . ."); Pl. Statement of Disputed Facts at ¶ 13 ("Plaintiff further maintains that it was not until The Capital Grille hired server Robert Moren, in or around 1999 . . . ."); Pl. Statement of Disputed Facts at ¶ 15 ("In 2001-2002, Plaintiff began to encounter harassment from fellow workers."); Pl. Statement of "Additional Undisputed Facts" at ¶ 58 ("Linda Elliot first began experiencing harassment based upon her gender following the sale of the Capital Grille to RARE Hospitality, Inc. in the late 1990's . . . ."). Plaintiff provides these varying dates for the temporal scope of her alleged harassment, despite stating in her Charge of Discrimination that "[d]uring approximately the final year of my employment at [The] Capital Grille, I was subjected to sexist, derogatory comments from coworkers." (RARE's Statement of

Undisputed Facts at Exhibit I, ¶3.) Moreover, Plaintiff admitted that, prior to her demotion from head server in May 2002, her relationship with Mr. Moren was "absolutely" professional. (Statement of Undisputed Facts at ¶ 38). Bluntly put, the time frame of Plaintiff's allegations has expanded based on the expediency of defeating the instant motion. RARE submits this is indicative of the merits of Plaintiff's claims generally.

Third, Plaintiff relies on inadmissible evidence to support her hostile work environment claim. When responding to a motion for summary judgment, the non-movant is obligated put forth competent evidence in support of her claims. Vasquez v. Lopez-Rosario, 134 F.3d 28, 33 (1st Cir. 1998) ("Evidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment."). Plaintiff cites to the deposition testimony of her husband and her primary physician as support for her argument that she was harassed because she is a woman. (Pl. Opp. at 10 – 11.) This testimony, however, is inadmissible hearsay and therefore cannot be relied upon to oppose the motion for summary judgment. Vasquez, 134 F.3d at 33.

Fourth, Plaintiff relies on two factual occurrences in support of her hostile work environment claim that post-date her termination. As a matter of law, this conduct cannot be considered in support of Plaintiff's discrimination claims. At the time that Plaintiff received the alleged "hate letter"[2], as well as when Ronald Corbett filed a complaint against Robert Moren, Plaintiff was no longer an employee of The Capital Grille, and therefore the conduct could not have contributed to her hostile work environment. To maintain an actionable Title VII claim, the plaintiff "must establish that the alleged discrimination took place within the context of an employee-employer relationship." Jackson v. Int'l Brotherhood of Teamsters, C.A. No. 02-2745,

[2] Aside from whether the alleged "hate letter" may be considered under Title VII, the letter, along with the accompanying "expert report," are hearsay. Moreover, in response to an interrogatory seeking the identity of Plaintiff's expert witnesses, the handwriting expert was not identified.

2002 WL 31572544, at *3 (N.D. Ill. Nov. 18, 2002) (citing Alexander v. Rush N. Shore Med. Ctr., 101 F.3d 487, 492 (7th Cir. 1996)). Accordingly, because the foregoing events occurred after the termination of Plaintiff's employment, they should not be considered as part of her hostile work environment claim.

Aside from the foregoing, Plaintiff's Opposition provides little, if any, evidence to support that the alleged conduct actually occurred, let alone that it was severe or pervasive. For example, Plaintiff alleges in her Opposition that other female servers complained to her (not to management) regarding derogatory comments made by male coworkers towards other female servers and that "no records exist to document these womens' complaints." (Pl. Opp. at 12.) Even if she could produce evidence that this conduct occurred, Plaintiff does not allege that it happened to her. (Plaintiff's Statement at ¶ 62.) Moreover, Plaintiff alleges that her job functions were compromised by the fact that her customer orders were altered or deleted. Plaintiff admitted, however, that she is unaware who, if anyone, tampered with her customer orders. (Defendant's Statement at ¶ 25.) These allegations, even when viewed in the light most favorable to the Plaintiff, do not support Plaintiff's claim that these actions rose to a severe or pervasive level of gender-based harassment.

## IV. Plaintiff Has Not Established Sufficient Facts By Competent, Admissible Evidence to Support Her Gender-Based Retaliation Claim.

Plaintiff's efforts to support her retaliation claim also fail. In its Motion for Summary Judgment, RARE put forth a legitimate, non-discriminatory reason for the termination of the Plaintiff – that it had been reported to management that the Plaintiff had again engaged in conduct that violated the Team Member Handbook. Indeed, there is no factual dispute whatsoever that such complaints regarding the Plaintiff were made to RARE management. (Defendant's Statement at ¶ 39). Accordingly, as the Plaintiff concedes in her Opposition, under

the holding in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the burden shifts to the Plaintiff to produce specific, competent evidence that her termination for the inappropriate conduct was a pretext for firing her on account of her gender.

As support for her position that her termination was a pretext, Plaintiff indicates for the first the time in her Opposition that her retaliation claim is based solely on her termination, and not on her demotion (despite having alleged in her Charge of Discrimination, and testifying at her deposition, that the claim was also based on her demotion from head server). Nonetheless, Plaintiff claims that her demotion from head server is evidence of RARE's discriminatory motives. RARE submits, however, that reliance on the demotion is inappropriate, given that it falls outside the statute of limitations. Fontanez-Nunez v. Janssen Ortho LLC, 447 F.2d 50, 55 (1st Cir. 2006).

Moreover, aside from referring generally to her demotion as evidence of her alleged retaliatory termination, the only other evidence that Plaintiff relies on in support of her retaliation claim is her contention that the complaints regarding her physical aggressiveness, including "pushing and shoving" of other servers, were fabricated and undertaken with the intent to have her terminated. Essentially, Plaintiff alleges that her denial of the underlying merits of the allegations of "pushing and shoving" creates a genuine issue of material fact. At the same time, however, Plaintiff concedes that there were complaints regarding her aggressive behavior and that these complaints were relayed to her by management. (Defendant's Statement at ¶¶ 32-33, 39; Plaintiff's Statement of Undisputed Facts at ¶ 40). This is important because, as the First Circuit has held, "in assessing pretext, a court's 'focus must be on the perception of the decision maker,' that is, whether the employer believed its stated reason to be credible." Azimi v. Jordan's Meats, Inc., 456 F.3d 228, 247 (1st Cir. 2006) (holding that a plaintiff's denial of

wrongdoing is not enough to raise an inference of pretext) (quoting Mesnick v. Gen. Elec. Co., 950 F.2d 816, 824 (1st Cir. 1991)); see Zapata-Matos v. Reckitt & Colman, Inc., 277 F.3d 40, 46 (1st Cir. 2002) (holding that "[i]t is not enough for a plaintiff merely to impugn the veracity of the employer's justification; he must elucidate specific facts which would enable a jury to find that the reason given is not only a sham, but a sham intended to cover up the employer's real [and unlawful] motive" of discrimination). Plaintiff's protestations that she never did anything to warrant termination are therefore not relevant.

Furthermore, to the extent that Plaintiff generally refers in her Statement of Facts to a complaint regarding Mr. Moren filed by another server two-years after her termination that involved comments relating to age and sexual orientation, as evidence that other servers were treated more leniently for similar conduct, that argument would fail. To raise an inference of pretext from such allegations, the evidence must relate to comparable conduct, see Azimi, 456 F.3d at 247, which is not present in this case. Therefore, for the foregoing reasons, Plaintiff's Motion for Summary Judgment with regard to the Plaintiff's retaliation claim should be granted.

## V. Applying *Kolstad* To The Facts Established By Plaintiff Does Not Save Plaintiff's Request For Punitive Damages.

Even if the punitive damages standard in Kolstad v. Am. Dental Ass'n, 527 U.S. 526 (1999) applies to the Plaintiff's FEPA claim, RARE submits that Plaintiff still has failed to identify sufficient facts by the close of discovery that would permit a jury to conclude that RARE is subject to punitive damages. Plaintiff has failed to elucidate evidence that would indicate that RARE acted towards the Plaintiff with "malice or reckless indifference to [her] federally protected rights." Kolstad, 527 U.S. at 534 – 35 (defining "malice" as acting with evil intent or motive). Plaintiff's alleged harassment is nothing more than the result of difficult interactions with her coworkers that were unrelated in any way to her membership in a protected class, let

alone intentional discrimination on the part of RARE due to her membership in such a protected class.

RARE HOSPITALITY, INC.

By its Attorneys,

/s/ Stephen J. MacGillivray
/s/ Sheryl D. Hanley
/s/ Raymond M. Ripple

Stephen J. MacGillivray (#5416)
Sheryl D. Hanley (#5439)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
smacgillivray@eapdlaw.com
shanley@eapdlaw.com
rripple@eapdlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document has been filed electronically on this 21st day of December, 2006 and is available for viewing and downloading to the ECF registered counsel of record:

Catherine A. Sammartino, Esq.
Marta E. Garrett, Esq.
Andrew Berg, Esq.
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903

/s/ Raymond M. Ripple



PRV_852165_2