UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA ELLIOT<br><br>Plaintiff,<br><br>v.<br><br>RARE HOSPITALITY, INC. d/b/a THE CAPITAL GRILLE<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-479-ML |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Rule 51(a) of the Federal Rules of Civil Procedure and the Pretrial Order of this Court, defendant RARE Hospitality International, Inc. ("RARE" or "Defendant"), proposes the following jury instructions. RARE reserves its right to supplement these proposed instructions after the close of evidence.

RARE HOSPITALITY INTERNATIONAL, INC.

By its Attorneys,

/s/ Stephen J. MacGillivray
/s/ Sheryl D. Hanley
/s/ Raymond M. Ripple
Stephen J. MacGillivray (#5416)
Sheryl D. Hanley (#5439)
Raymond M. Ripple (#6489)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
smacgillivray @eapdlaw.com
shanley@eapdlaw.com
rripple@eapdlaw.com

Elliot v. RARE Hospitality International, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #1**
**Nature of the Case and Elements of the Claims Generally**

In this case, Plaintiff Linda Elliot is a former server at The Capital Grille here in Providence. RARE Hospitality International, Inc. runs The Capital Grille in Rhode Island. For convenience, I will refer to it during these instructions simply as RARE. Ms. Elliot claims that she was discriminated against by RARE on account of her gender. Specifically, Ms. Elliot claims that, when she was an employee, she suffered harassment by coworkers on the basis of her gender that created a "hostile work environment." Ms. Elliot also claims that RARE discriminated against her when it terminated her employment on September 26, 2002, in retaliation for complaints she made regarding the conduct of her coworkers.

RARE denies that it or its employees discriminated against Ms. Elliot on account of her gender. RARE further denies that it terminated Ms. Elliot simply for complaining about her coworkers. Rather, RARE contends that it terminated Ms. Elliot for a legitimate, non-discriminatory reason. Specifically, RARE contends that she had violated company policy by pushing and shoving her coworkers in violation of company policy even after having been warned not to engage in physical altercations.

In order for Ms. Elliot to prove her claims, she must prove by a preponderance of the evidence that not only was her gender a reason but that it was also a motivating factor in RARE's alleged conduct towards her. Gender is a motivating factor if Ms. Elliot would not have been terminated except for her gender. You should be mindful that it is not enough for Ms. Elliot to prove that RARE's explanations for the termination are false.

I express no opinion on the issue of whether RARE's explanation is true or false – it is for you to decide Ms. Elliot established by a preponderance of the evidence that she was

subjected to a hostile work environment and otherwise terminated because of her gender. Along these same lines, the question before you is not whether RARE or its management made a mistake or showed poor judgment. You are not to judge RARE's wisdom, harshness, fairness or the correctness of its decision. In other words, even if you would not have made the same decision as RARE under these circumstances – it would not matter. Under the law, RARE was entitled to make its decision with respect to Ms. Elliot for a good reason, a bad reason, or no reason at all, so long as the decision was not motivated by her gender.

If Ms. Elliot has failed to persuade you by a preponderance of the evidence that she was allegedly harassed or discriminated against because of her gender, or that she was terminated because of complaints she made regarding her alleged harassment, then you should find for RARE.

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Modern Federal Jury Practice and Instructions § 88.02[4]; Federal Employment Jury Instructions §§ 4:100, 4:110.

Elliot v. RARE Hospitality International, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #2**
**At-Will Employment**

An employer is permitted under the law to make employment decisions regarding an employee for any reason, as long as that reason is not illegal or a pretext for discrimination. RARE is thus entitled to make its own management and personnel decisions provided those decisions are not discriminatory. It is permitted to reorganize staff, transfer employees, or discipline or not discipline employees for misconduct, provided that none of these actions discriminate against anyone on the basis of their gender.

Gu v. Boston Police Dept., 312 F.3d 6, 13 (1st Cir. 2002).

Elliot v. RARE Hospitality, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #3**
**Plaintiff's Burden of Proof – Preponderance of the Evidence**

Ms. Elliot has the burden to prove each of the elements on all three of her claims by a preponderance of the evidence.

This means that Ms. Elliot has the burden of proving every disputed element of each of those claims to you by a preponderance of the evidence. If you conclude that Ms. Elliot has failed to establish her claim by a preponderance of the evidence, you must decide against her on the issue you are considering.

What does "preponderance of the evidence" mean? To establish a fact "by a preponderance of the evidence" means to prove that the fact is more likely than not true. In other words, evidence which as a whole shows that the fact sought to be proved is more probable than not, or more probably true than not true. A preponderance of the evidence means the greater weight of the believable, credible evidence.

In determining whether any fact in issue has been proven by a preponderance of the evidence in this case, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received into evidence, regardless of who may have produced them. Preponderance of the evidence refers to the quality and persuasiveness of the testimony and documentary evidence, not to the number of exhibits or witnesses.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof. This is because the party bearing this burden must prove more than single equality of evidence – she must prove the

element at issue by a preponderance of the evidence. "Credible" evidence means evidence that, in the light of reason and common sense, is worthy of belief. In order to be believed, testimony should not only proceed from the mouth of a credible witness, but it also must be credible in itself. It must be such that in your common experience, you can consider it as probable under the circumstances.

Unless you are satisfied that Ms. Elliot has proved every essential element of her case by a preponderance of the evidence, she may not recover.

4 L. Sand et al., *Modern Federal Jury Instructions* ¶ 73.01; Dresser v. Daniel, 315 F.3d 75, 78 (1st Cir. 2003).

Elliot v. RARE Hospitality International, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #4**
**Status as Corporation in the Eyes of the Law**

The fact that RARE is a corporation should not affect your decision. All persons are equal before the law, and corporations, whether large or small, are entitled to the same fair and conscientious consideration by you as any other person. This case should be considered and decided by you as an action between persons of equal standing in the community, or equal worth, and holding the same position in life. In short, a corporation is entitled to the same fair trial at your hands as a private individual.

Elliot v. RARE Hospitality International, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #5**
**Plaintiff's Discrimination Claims Generally**

There are three claims in this case: (1) one claim against RARE alleging hostile work environment discrimination based on gender in violation of a Rhode Island state statute, which I will refer to as the "Fair Employment Practices Act"; (2) a claim against RARE alleging retaliation based on gender in violation of the Fair Employment Practices Act; and (3) a claim against RARE alleging discrimination in violation of the Rhode Island Civil Rights Act. I will describe each of these claims separately.

See Plaintiff's Complaint.

Elliot v. RARE Hospitality International, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #6**
**Elements of the Claim – Hostile Work Environment**

Ms. Elliot claims that RARE discriminated against her based on her gender by creating a hostile work environment. To establish a hostile work environment, Ms. Elliot must establish all of the following factors by a preponderance of the evidence:

*First:* Ms. Elliot was subjected to harassment by her co-workers based on her gender; and

*Second:* The alleged conduct was unwelcome and offensive to Ms. Elliot and would also be offensive to a reasonable person; and

*Third:* The alleged conduct was sufficiently severe or pervasive so as to alter the terms and conditions of her employment and create an abusive work environment, such that a reasonable person would find it hostile or abusive; and

*Fourth:* That there is some basis for employer liability.

Ms. Elliot must satisfy all of these requirements in order to establish a hostile work environment claim. I will now explain to you what Ms. Elliot must prove in order to satisfy each of these elements.

DeCamp v. Dollar Tree Stores, Inc., 875 A.2d 13, 23 (R.I. 2005); O'Rourke v. City of Providence, 235 F.3d 713, 728 (1st Cir. 2001) ; Faragher v. Boca Raton, 524 U.S. 775, 118 S. Ct. 2275 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257 (1998); Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 – 23 (1993).

Elliot v. RARE Hospitality International, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #7**
**Basis for Harassment**

As I have already instructed you, Ms. Elliot must persuade you, by a preponderance of the evidence, that the harassment she suffered was based upon her gender, and not based on some other factor such as personal animosity or a workplace dispute. If you find with regard to a particular claimed harassment incident that Ms. Elliot has not proved that the conduct or comments directed to her during that incident were based on her gender, then you must disregard that incident and may not hold RARE liable for it, even if the incident was otherwise offensive.

Succar v. Dade County School Board, 229 F.3d 1343 (11th Cir. 2000) (personal animosity is not evidence of unlawful discrimination).

Elliot v. RARE Hospitality, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #8**
**Harassment Must be Sufficiently Severe or Pervasive**

Not all inappropriate conduct, even if based on gender, will give rise to a claim of sexual harassment. To be actionable, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that Ms. Elliot found to be hostile or abusive.

To determine whether an environment is sufficiently hostile or abusive, you must consider all of the circumstances, including the context and frequency of the alleged discriminatory conduct; its severity; whether it is physically threatening or humiliating (as opposed to a mere offensive utterance); and whether it unreasonably interferes with the employee's work performance.

The Fair Employment Practices Act is not meant to be a general law regarding proper civility or manners. Complaints about ordinary problems of the workplace, such as the use of abusive language, gender-related jokes, and gender-related teasing are not enough to show "severe or pervasive" conduct. The workplace is not a cocoon. Employees are expected to have reasonably thick skins – thick enough to survive utterances and comments encountered in the everyday world.

If you conclude that the alleged conduct was not "severe or pervasive," then you must return a verdict for RARE as to this claim.

Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998); Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 78 (1998); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).

Elliot v. RARE Hospitality, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #9**
**Basis for Employer Liability**

In this case, Ms. Elliot has sued RARE, but has not sued its employees. Accordingly, even if you determine that Ms. Elliot was subjected to harassment based on her gender, and that it was sufficiently severe or pervasive, you still must also determine whether some basis for employer liability exists.

A corporation, such as RARE, will only be held liable for the discriminatory acts of an employee if it is shown by a preponderance of the evidence that the corporate employer knew or should have known of the claimed incidents of harassment and failed to implement prompt and appropriate action. However, proof that a non-supervisory employee knew or should have known of the claimed harassment incident is not enough, because RARE is not liable for what its non-supervisory employees know or should know, no matter how offensive the alleged harassment incident may be.

With regard to Ms. Elliot's claims of harassment by her coworkers, if you determine that RARE knew or should have known of a claimed harassment incident, then you must determine *when* RARE knew or should have known of the harassment, because RARE's duty to take adequate remedial measures arises only when RARE knew or should have known of the harassment incident, and not before-hand.

Crowley v. L.L. Bean Co., Inc., 303 F.3d 387, 400 (1st Cir. 2003) (In order to establish employer liability for the conduct of Plaintiff's coworkers, the Plaintiff must demonstrate that the employer "knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate action").

Elliot v. RARE Hospitality, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #10**
**Defendant's Remedial Measures**

The requirement that RARE exercise reasonable care to correct any harassment known to it is not a requirement that RARE take any particular action, such as discharging or suspending an employee who misbehaved. Rather, RARE must take adequate remedial measures, whatever that may be under the circumstances, and it is for you to determine whether RARE took such measures in any particular situation. In this regard, you should consider all the facts and circumstances surrounding a claimed harassment incident.

Azimi v. Jordan's Meats, Inc., 456 F.3d 228 (1st Cir. 2006); Crowley v. L.L. Bean Co., Inc., 303 F.3d 387, 400 (1st Cir. 2003) (In order to establish employer liability for the conduct of Plaintiff's coworkers, the Plaintiff must demonstrate that the employer "knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate action.").

Elliot v. RARE Hospitality International, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #11**
**Elements of the Claim – Retaliation**

Ms. Elliot's Complaint asserts a claim that she was terminated by RARE as a result of unlawful retaliation. The Fair Employment Practices Act prohibits an employer from retaliating against an employee only when the employee engaged in a "protected activity," as defined by the law. For Ms. Elliot to prove that RARE retaliated against her for engaging in protected activity, Ms. Elliot must first prove all three of the following elements to you by a preponderance of the evidence:

(1) that she engaged in protected activity;
(2) she suffered an adverse employment action; and
(3) there was a causal connection between the protected activity and the adverse employment action.

In this case, Ms. Elliot alleges that she engaged in the protected activity of making complaints regarding her treatment by her coworkers. If you find that Ms. Elliot failed to engage in this alleged protected activity, then you must find for RARE on her claim of retaliation.

To establish the third element of a causal connection, Ms. Elliot must demonstrate by a preponderance of the evidence that her protected activity caused the employer to take an adverse employment action against her. To establish the causal connection required, Ms. Elliot must produce sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had Ms. Elliot not engaged in protected activity. She cannot rely solely on the fact that protected activity was followed soon after by an adverse employment action. Instead, Ms. Elliot must produce other, additional evidence that the adverse employment action was taken in order to retaliate. Mere closeness in time will not be enough for her to meet her burden of proof.

If you find that Ms. Elliot has failed to prove the required causal connection, then you must find for RARE on her claim of retaliation.

Ms. Elliot cannot prove her retaliation claim simply by showing that she is female and was fired. To establish her *prima facie* case, Ms. Elliot must prove each of the three elements I have outlined above. Thus, if you answer any of these questions "No," then you must find for RARE because she has not proven her case under the law. On the other hand, if you determine that Ms. Elliot has proven each of the these elements by a preponderance of the evidence, causing you to answer each and every one of these questions "yes," then you should go on to the next step.

Federal Employment Jury Instructions § 1: 670; Burlington Indus., Inc. v. Ellerth, 118 S. Ct. 2257 (1998); Azimi v. Jordan's Meats, Inc., 456 F.3d 228, 247 (1st Cir. 2006).

Elliot v. RARE Hospitality International, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #12**
**Legitimate Non-Retaliatory Reason and Pretext Regarding Plaintiff's Retaliation Claim**

If Ms. Elliot establishes a *prima facie* case of her intentional retaliation claim by a preponderance of the evidence, then the next step is to decide whether RARE has given a non-discriminatory reason for its actions. Remember, RARE does not have the burden of proof; Ms. Elliot does. Thus, RARE must only give you a reason for terminating Ms. Elliot's employment unrelated to her gender. RARE does not have to prove its reasons, but only articulate them, and those reasons only have to be sufficient to suggest that the motivation behind Ms. Elliot's termination was not her gender.

You are not to second-guess or to otherwise substitute your judgment for that of RARE. The ultimate burden of persuading the jury that RARE engaged in intentional retaliation against Ms. Elliot remains at all times on her. If you find that RARE has stated a legitimate reason, then you must decide in favor of RARE unless Ms. Elliot proves by a preponderance of the evidence that the stated reason was not the true reason, but is only a pretext or excuse for intentional retaliation. If you find that RARE's decision was based on reasons other than Ms. Elliot's gender, then RARE is not liable.

ABA Section of Litigation, *Employment Litigation*, *Model Jury Instructions*, § 1.02[3][a]; Saint Mary's Honor Center v. Hicks, 113 S. Ct. 2742, 2749 (1993); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dept. of Comm. Affairs v. Burdine, 450 U.S. 248 (1981).

Elliot v. RARE Hospitality International, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #13**
**Pretext Required**

Once RARE has come forward with a reason for the termination unrelated to Ms. Elliot's gender, Ms. Elliot must then prove the offered reasons are a pretext for retaliation in order to prevail. Ms. Elliot bears the ultimate burden of proving retaliation.

In other words, Ms. Elliot must show by a preponderance of the evidence that the legitimate reasons offered by RARE for Ms. Elliot's termination were not its true reasons, but were a pretext for retaliation. She may prove pretext by showing that the employer's offered reason was false or implausible. Ms. Elliot may also show pretext through discriminatory comments or use of comparative evidence. Ms. Elliot may demonstrate this through direct evidence or circumstantial evidence leading to the inference that retaliation was the real reason for the adverse employment action. If Ms. Elliot demonstrates a *prima facie* case, and sufficient evidence to find that the employer's asserted justification is false, then and only then you may find in her favor on the retaliation claim.

RARE has presented evidence that its decisions concerning Ms. Elliot's employment were for legitimate, nondiscriminatory reasons. If Ms. Elliot does not disprove those reasons by a preponderance of the evidence, you must find in favor of RARE.

Elliot v. RARE Hospitality International, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #14**
**Scope of Review of Business Judgment of Defendant**

RARE asserts that its decisions regarding Ms. Elliot's employment were taken for legitimate business reasons. A jury is not permitted to second-guess whether RARE should have made the employment decisions that affected Ms. Elliot, or to determine whether RARE's decisions were wise of unwise. Your role is not that of a "super-personnel department" that can judge or re-make RARE's employment decisions.

While an employer's judgment or course of action may seem poor or erroneous to outsiders, the relevant question is simply whether the given reason was a pretext for discrimination. It is not enough for Ms. Elliot to show that RARE made an unwise business decision, or an unnecessary personnel move. Nor is it enough to show that the employer acted arbitrarily or with ill will. These facts, even if demonstrated, do not show that gender was the motivating factor.

Finally, you are not concerned with the fairness of RARE's action, or whether you personally thought it was wrong.

Aungst v. Westinghouse Elec. Corp., 937 F.2d 1216, 1220 (7th Cir. 1991); Gray v. New England Tel. and Telegraph Co., 792 F.2d 251, 255 (1st Cir. 1986); Smith v. Stratus Computer, Inc., 40 F.3d 11, 16 (1st Cir. 1994).

Elliot v. RARE Hospitality International, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #15**
**Plaintiff's Burden**

The burden of persuasion remains at all times with Ms. Elliot.

Elliot v. RARE Hospitality International, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #16**
**Discriminatory Animus**

Even if you find that RARE has not given you the real reasons for their firing of Ms. Elliot, Ms. Elliot must also prove that the real reason for the firing was gender discrimination. In other words, Ms. Elliot must show "both that the reasons given by RARE were false and that gender discrimination was the real reason."

In this regard, you should keep in mind that Ms. Elliot had no legal right to remain in the employment of RARE in her former position or in any position. RARE was entirely free to terminate Ms. Elliot's employment for any reason other than because of her gender. An employer can hire or fire one employee instead of another for any reason, fair or unfair, provided that the employer's choice is not driven by gender.

Hicks, 113 S. Ct. at 2742 (1993) (emphasis in original); Keyes v. Secretary of the Navy, 853 F.2d 1016, 1026 (1st Cir. 1988); Smith v. F.W. Morse & Co., Inc., 76 F.3d 413, 422 (1st Cir. 1996).

Elliot v. RARE Hospitality International, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #17**
**Elements of the Claim – Discrimination Under the Rhode Island Civil Rights Act**

For Ms. Elliot to prove discrimination under the Rhode Island Civil Rights Act, she must prove the elements sufficient to prove her claims under the Fair Employment Practices Act. If she does not persuade you with respect to her claims brought under the Fair Employment Practices Act, Ms. Elliot cannot prevail on her claim under the Rhode Island Civil Rights Act.

See, e.g., Kriegel v. State of Rhode Island Dept. of Corr., 266 F. Supp. 2d 288, 301 n.14 (D.R.I. 2003) (holding that plaintiff's inability to establish hostile work environment claim under FEPA means that his RICRA claim for hostile work environment also fails); Iacampo v. Hasbro, Inc., 929 F. Supp. 562, 573 (D.R.I. 1996) (holding that if Plaintiff succeeds in proving FEPA allegations, she will also succeed on her RICRA claim).

Elliot v. RARE Hospitality, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #18**
**Damages – Generally**

Now I will instruct you on the law of damages as it applies to Ms. Elliot's claims. My charges to you on the law of damages must not be taken as an indication that you should find for Ms. Elliot. It is for you to decide, based on the evidence presented and the rules of law I have given you, whether or not Ms. Elliot is entitled to recover from RARE. If you decide she is not entitled to recover, you need go no further and need not consider the subject of damages; your verdict will be for RARE. If you decide that Ms. Elliot is entitled to recover, then— but only then— may you consider the measure of damages.

In determining damages, if you have occasion to do so, you must not allow yourselves to be influenced by passion, prejudice or sympathy for or against any party. You must base your award solely on a fair and impartial consideration of all the evidence.

3 Devitt and Blackmar, *Federal Jury Practice and Instructions*, § 104.06 (Supp. 1998); *Model Civil Jury Instructions for the Ninth Circuit*, §§ 7.01-7.05 (1993); *Pattern Jury Instructions, Fifth Circuit*, §§ 15.1 – 15.4 (1998).

Elliot v. RARE Hospitality, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #19**
**Damages – Causation**

To prove causation, Ms. Elliot must prove by a preponderance of the evidence that the harm she complains of was due to unlawful conduct of RARE rather than due to any other cause. The damages you award may not be based on speculation, but should only reasonably compensate Ms. Elliot for actual losses, if any, she has incurred as a result of any unlawful conduct by RARE. Thus, you are not to consider any mental anguish that Ms. Elliot has suffered as a result of or from any other cause.

3 Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions,* § 104.06 (Supp. 1998); *Pattern Jury Instructions, Fifth Circuit*, § 15.2 (1998).

Elliot v. RARE Hospitality, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #20**
**Damages – Compensatory damages**

The purpose of the law in awarding compensatory damages is to compensate an injured person for the losses she incurs because of someone else's wrongful conduct. The object is to try to restore the person to the position she would have been in had the wrong not occurred. The purpose is not to reward a plaintiff or to punish the defendant. The purpose is only to fairly compensate.

There is no special formula that the law provides to assess a plaintiff's damages. You are to assess what is fair, adequate, and just in order fairly and reasonably to compensate a plaintiff for any injuries that were more likely than not caused by the defendant's claimed discrimination. You must be guided by your common sense and your conscience.

In this case, if you determine that Ms. Elliot was subjected to a hostile work environment on account of gender discrimination, or that Plaintiff was terminated on account of protected conduct, Ms. Elliot is entitled to be compensated for any emotional distress or other pain and suffering that resulted from this discrimination. You may not award any damages for any emotional distress or mental pain and suffering, if any, that you find were caused by factors other than RARE's discrimination against her.

Most of these elements of damages are not capable of being determined with mathematical certainty. You must be guided by your common sense and your conscience. At the same time, you must remember that Ms. Elliot has the burden of proving her entitlement to damages and the amount of those damages by a preponderance of the evidence, just as she must prove the other elements of this claim; your award must be based on the evidence before you in

this case, not on speculation or guesswork.

*Fed. Jury Prac. & Instr.* §§ 170.60, 171.90 (Kevin O'Malley et al., 5th ed. 2004) (modified).

Elliot v. RARE Hospitality, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #21**
**Damages – Back Pay**

If you find that Ms. Elliot has proven by a preponderance of the evidence her claim that she was unlawfully terminated, then you may consider whether she is entitled to "back pay." Back pay is made up of any salary that would have accrued to her if she had not been terminated. In order to award back pay, you must find that the loss Ms. Elliot claims she suffered was actually caused by the discriminatory conduct of RARE, rather than due to any other cause. If you find that Ms. Elliot has failed to establish her claim that RARE terminated her employment for a discriminatory reasons, then she is not entitled to back pay damages.

To calculate back pay, you should consider the amount of earnings that Ms. Elliot would have received, but did not receive because of unlawful discrimination, between the date when she terminated by RARE and the present time. The amount of back pay thus must take into account any money she did receive, including her regular wages and paid leaves of absence.

Albermarle Paper Co. v. Moody, 422 U.S. 405 (1975); United States v. United States Steel Corp., 520 F.2d 1043, 1050-1056 (5th Cir. 1975), cert. denied, 429 U.S. 817 (1976); Walsdorf v. Bd. of Com'rs., 857 F.2d 1047, 1054 (5th Cir. 1988); Townsend v. Grey Line Bus. Co., 597 F. Supp. 1287, 1293 (D. Mass. 1984) aff'd, 767 F.2d 11 (1st Cir. 1985); Equal Employment Opportunity Comm'n. v. Colgate-Palmolive Co., 612 F. Supp. 1476, 1479 (S.D.N.Y. 1981); Thurber v. Jack Reilly's, Inc., 521 F. Supp. 238, 243 (D. Mass. 1981) aff'd, 717 F.2d 633 (1st Cir. 1983), cert. denied, 466 U.S. 904 (1984).

Elliot v. RARE Hospitality, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #22**
**Mitigation**

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages—that is, to take advantage of any reasonable opportunity she may have had under the circumstances to reduce or minimize her losses or damages.

RARE claims that Ms. Elliot failed to mitigate her damages by applying for other server positions at other restaurants. RARE has the burden to prove by a preponderance of the evidence that Ms. Elliot failed to seek out or take advantage of an employment opportunity that was reasonably available to her under all the circumstances shown by the evidence. If you find that RARE has proven that Ms. Elliot failed to take reasonable steps to find new employment as a server or a comparable position elsewhere, then you should reduce the amount of Elliot's damages by the amount she could have reasonably realized if she had taken advantage of such opportunities.

*Fed. Jury Prac. & Instr.* §§ 170.65, 171.95 (Kevin O'Malley et al., 5th ed. 2004) (modified).

Elliot v. RARE Hospitality, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #23**
**Damages – Emotional Distress**

If you find that Ms. Elliot has proven one or more of her claims, she may be entitled to reasonable compensation for emotional distress. Emotional distress damages are intended to compensate her for mental anguish or humiliation that she may have suffered because of RARE's wrongful conduct.

To recover emotional distress damages, Ms. Elliot must prove that she suffered some actual emotional injury. She also must prove that such injury was actually caused by the discriminatory or harassing conduct of defendant rather than by any other cause, such as other stressful personal events or personal issues unrelated to her employment at RARE. Again, the damages you award should not be based on speculation, but should only reasonably compensate Ms. Elliot.

*Fed. Jury Prac. & Instr.* §§ 170.60, 171.90 (Kevin O'Malley et al., 5th ed. 2004) (modified).

Elliot v. RARE Hospitality, Inc. d/b/a The Capital Grille, Inc.
05-479-ML

**Defendant's Proposed Jury Instruction #24**
**Punitive Damages**

In addition to compensatory damages, Ms. Elliot seeks punitive damages for defendant's alleged discrimination against her based upon her gender. Punitive damages are an extraordinary remedy, in order to punish a defendant and to deter others from committing similar acts. Ms. Elliot is entitled to punitive damages only if she demonstrates that the defendant engaged in an outrageous discriminatory practice with evil intent or malice that amounts to criminality.

If, but only if, you find that Ms. Elliot has proven that RARE acted with evil intent or malice that amounts to criminality, then you may consider the amount of punitive damages necessary to punish RARE or to deter others. However, even if you find that punitive damages are possible, you do not have to grant punitive damages.

In determining an amount, you should consider the following questions: How offensive was the conduct? What amount is needed to prevent future repetition? Does the amount of punitive damages have a reasonable relationship to the actual damages awarded?

If you award punitive damages, you should fix the amount using calm discretion and sound reason. You must not be influenced by passion, prejudice or sympathy for, or dislike of, any party in the case. Look at all of the evidence, all of the circumstances, and remember that the keystone of punitive damages is the conduct of the offender. If you assess punitive damages at all, then Ms. Elliot must have proven that RARE engaged in an outrageous discriminatory practice with evil intent or malice.

<u>Palmisiano v. Toth</u>, 624 A.2d 314, 318 (R.I. 1993).

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document has been filed electronically on this 2nd day of February, 2007, and is available for viewing and downloading to the ECF registered counsel of record:

Catherine Sammartino, Esq.
Marta E. Garrett, Esq.
Andrew Berg, Esq.
Sammartino & Berg LLP
128 Dorrance Street, Suite 400
Providence, RI 02903
cas@sbllp.net

/s/ Raymond M. Ripple
Raymond M. Ripple