UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA ELLIOT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-479-ML |
| | ) | |
| RARE HOSPITALITY, INC. d/b/a THE CAPITAL GRILLE | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT RARE HOSPITALITY INTERNATIONAL, INC.'S MOTION TO BIFURCATE**

Defendant RARE Hospitality International, Inc. d/b/a The Capital Grille ("RARE") hereby moves this Court for an order bifurcating the issues of liability and damages with regard to the claims of Plaintiff Linda Elliot ("Plaintiff") pursuant to Fed. R. Civ. P. 42(b).

RARE HOSPITALITY INTERNATIONAL, INC.

By its Attorneys,

/s/ Stephen J. MacGillivray
/s/ Sheryl D. Hanley
/s/ Raymond M. Ripple

Stephen J. MacGillivray (#5416)
Sheryl D. Hanley (#5439)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
smacgillivray@eapdlaw.com
shanley@eapdlaw.com
rripple@eapdlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA ELLIOT<br><br>Plaintiff,<br><br>v.<br><br>RARE HOSPITALITY, INC. d/b/a THE CAPITAL GRILLE<br><br>Defendant. | ) | C.A. No. 05-479-ML |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**RARE HOSPITALITY INTERNATIONAL, INC.'S MOTION TO BIFURCATE**

Defendant RARE Hospitality International, Inc. d/b/a The Capital Grille ("RARE") submits this memorandum of law in support of its motion to bifurcate the issues of liability and damages with regard to the claims of Plaintiff Linda Elliot ("Plaintiff") pursuant to Fed. R. Civ. P. 42(b).

**BACKGROUND**

Plaintiff, a former server at The Capital Grille's Providence, Rhode Island location, was terminated by Defendant after she repeatedly violated the terms of Defendant's Team Member Handbook by "pushing" and "shoving" her fellow servers at the Capital Grille. Following her termination, Plaintiff brought suit against Defendant claiming that she was discriminated against on the basis of age and gender in violation of Rhode Island's Fair Employment Practices Act ("FEPA"), R.I. Gen. Laws § 28-5-1 et seq. In addition, Plaintiff alleged discriminatory retaliation in violation of FEPA and violations of the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws § 42-112-1 et seq. This Court granted Defendant's motion for summary



PRV_864294_1

judgment as to Plaintiff's claims based on age discrimination and, accordingly, only Plaintiff's gender discrimination claims remain viable.

Pursuant to this Court's order of February 5, 2007, Defendant has submitted this motion to bifurcate seeking an order of this Court bifurcating Plaintiff's claim for damages from the initial liability phase of the trial. As set out more fully below, Defendant will be unfairly prejudiced unless the issues of liability and damages are bifurcated in the instant case. Evidence relevant to the determination of damages, such as medical and/or psychiatric evidence, although irrelevant to the determination of liability, may influence the jury's decision regarding liability. Bifurcation would preclude the admission of any such evidence in the initial liability portion of the trial, and thereby eliminate any concerns regarding prejudice. In addition, an order bifurcating the issues of damages and liability would not cause delay or otherwise prejudice Plaintiff, but would instead facilitate judicial economy by preventing the court from expending time and effort on the damages issue unless the jury determines Defendant is liable.

For the reasons set forth herein, this Court should issue an order bifurcating the issues of liability and damages with regard to Plaintiff's gender discrimination claims.

## ARGUMENT

### A. This Court Has the Authority to Bifurcate the Trial on the Issues of Liability and Damages Under Fed. R. Civ. P. 42(b).

Pursuant to Fed. R. Civ. P. 42(b), this Court has the power to order a separate trial of any claim or issue "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b). The decision of whether or not to bifurcate a trial on issues of liability and damages is within the sound discretion of the court. McKellar v. Clark Equip. Co., 101 F.R.D. 93, 94 (D. Me. 1984); see also Warner v. Rossignol,



PRV_864294_1

513 F.2d 678, 684 (1st Cir. 1975); Faerber v. City of Newport, 51 F. Supp. 2d 115, 124 (D.R.I. 1999). In determining whether to bifurcate, a court should consider the following factors:

> "[W]hether a separation of the issues for trial will serve to expedite the disposition of the action and to conserve trial time and other judicial resources, whether such separation will be likely to avoid prejudice to any party at trial that may occur in the absence of separation of the issues, and whether the issues to be separated are essentially independent of each other for evidentiary purposes so that there will be no need to duplicate the presentation of significant areas of the evidence in the separated proceedings."

McKellar, 101 F.R.D. at 94. The decision of whether or not to exercise this discretion should be made on a case-by-case basis. Id.

Accordingly, this Court has the discretion under Fed. R. Civ. P. 42(b) to bifurcate the issues of liability and damages in the instant case if doing so will further convenience, avoid prejudice, and facilitate judicial economy. See Fed. R. Civ. P. 42(b).

**B. This Court Has Bifurcated the Issues of Liability and Damages in Other Employment Discrimination Cases.**

This Court has previously bifurcated the issues of liability and damages in employment discrimination cases such as this one. In Lieberman-Sack, D.M.D. v. Harvard Cmty. Health Plan of New England, Inc., 882 F. Supp. 249 (D.R.I. 1995), a gender and religious discrimination case, this Court exercised its discretion *sua sponte* to bifurcate the issues of liability and damages. Id. at 252, 257.[1] In determining that the trial should be bifurcated, the Court relied upon the fact that "[e]vidence relevant to the determination of compensatory and punitive damages" would be "irrelevant to the determination of liability," but found that such evidence may nonetheless improperly "influence the jury's determination of liability." Id. The court

[1] Although the Lieberman-Sack case involved discrimination claims under both Title VII and FEPA, and therefore involved slightly different procedural considerations, the reasoning applied by the Court in deciding to bifurcate the issues of liability and damages in that case is equally applicable in the instant case. See Lieberman-Sack, D.M.D. v. Harvard Cmty. Health Plan of New England, Inc., 882 F. Supp. 249, 256-58 (D.R.I. 1995).

found that bifurcating the issues of liability and damages would alleviate any concerns regarding prejudice because "evidence relating to compensatory and/or punitive damages [would] not be reached until the second part of the trial, and only if defendants' liability [had] been determined." Id. Similarly, in the case of Pontarelli v. Stone, 781 F. Supp. 114 (D.R.I. 1992), this Court bifurcated the issues of liability and damages with regard to the plaintiff's sex discrimination claim because plaintiff's claim for damages would require the admission of medical and/or psychiatric evidence that was irrelevant to the issue of liability. See id. at 117. Accordingly, this Court has exercised its discretion to bifurcate the issues of liability and damages in employment discrimination cases in which evidence relative to damages was irrelevant to the issue of liability and could prejudice the defendant if admitted before the jury had reached a determination regarding liability. See Lieberman-Sacks, 882 F. Supp. at 257; Pontarelli, 781 F. Supp. at 117.

In addition to finding that bifurcation would avoid prejudice, the Court in Lieberman-Sacks also based its decision to bifurcate the trial into liability and damages phases on the fact that bifurcation was in the best interest of judicial economy. 882 F. Supp. at 257. The Court recognized that bifurcating the issues of liability and damages would conserve judicial resources because if the jury failed to find liability on the part of the defendants, then it would be unnecessary to reach the issue of damages, which would save both time and effort. Id. at 257-58. By contrast, if the jury found the defendants liable, then a determination of damages would be made in the second phase, during which evidence concerning damages would be admissible. Id. Consequently, there was no prejudice to the plaintiff caused by the bifurcation because any evidence relative to damages would ultimately be admitted if and when that issue was reached. See id.

Accordingly, this Court has exercised its discretion to bifurcate the issues of liability and damages in other employment discrimination cases such as this one in order to avoid prejudice and facilitate judicial economy.

**C. The Court Should Exercise its Discretion to Bifurcate the Issues of Liability and Damages Because Bifurcation Would Avoid Prejudice and Promote Judicial Economy.**

The Court should exercise its discretion pursuant to Fed. R. Civ. P. 42(b) to bifurcate the issues of liability and damages this case. Bifurcation is necessary in order to avoid prejudice to Defendant. Absent an order bifurcating the issues of liability and damages, Plaintiff will be able to admit evidence relative to her alleged damages during the liability phase of the trial. This may include medical and/or psychiatric evidence (including, for instance, her allegation that she was *suicidal* as a result of receiving a hate letter), evidence regarding alleged monetary losses and evidence relative to punitive damages. Although irrelevant to the issue of Defendant's liability, this evidence may improperly influence the jury in reaching its liability determination. See Lieberman-Sacks, 882 F. Supp. at 257.

Also, in the instant case, the Plaintiff makes two claims, wrongful termination and hostile work environment. If she prevails on the latter claim only, her damages will not include back pay and the mental anguish that she allegedly suffered as a result of being fired. Allowing these damages to be potentially conflated with damages stemming from the wrongful termination claim or, worse, with the issue of liability, would result in confusion. This confusion, once taken root, cannot be adequately remedied by jury instructions or a special verdict form. Confusion of issues would be unfairly prejudicial to Defendant. See id. An order bifurcating Plaintiff's claim for damages from the initial liability phase of the trial would alleviate these concerns regarding prejudice. See id.; Pontarelli, 781 F. Supp. at 117.

By contrast, an order bifurcating the issues of liability and damages would not prejudice the Plaintiff. If and when a jury found Defendant liable on Plaintiff's gender discrimination claims, Plaintiff would then be able to proffer evidence relative to her alleged damages. Accordingly, Plaintiff would not be precluded from admitting any otherwise admissible evidence relative to her damages; such admission would merely be delayed until (and if) that evidence became relevant.

In addition, bifurcating the issues of liability and damages in the instant case would promote judicial economy. See Lieberman-Sacks, 882 F. Supp. at 257-58. If the jury does not find Defendant liable on Plaintiff's gender discrimination claims, then evidence relative to her alleged damages would be completely irrelevant. See id. at 258. An order bifurcating the issue of damages from the initial liability phase of the trial would prevent the Court from expending judicial resources and the jury's time on this evidence until its relevance is established. See id. By contrast, if the jury finds that Defendant is not liable, then the Court will never have to consider any evidence relative to damages. See id. Accordingly, in addition to avoiding prejudice to Defendant, bifurcating the issues of liability and damages will conserve judicial resources. See id.

Accordingly, bifurcating the issues of liability and damages in the instant case would further convenience, avoid prejudice and be conducive to expedition and economy. See Fed. R. Civ. P. 42(b). Consequently, this Court should exercise its discretion pursuant to Rule 42(b) and issue an order bifurcating the liability and damages phases of the trial.

## Conclusion

For the reasons set forth herein, this Court should grant Defendant's motion to bifurcate

the issues of liability and damages with regard to the Plaintiff's claims.

RARE HOSPITALITY INTERNATIONAL, INC.

By its Attorneys,

/s/ Stephen J. MacGillivray
/s/ Sheryl D. Hanley
/s/ Raymond M. Ripple
Stephen J. MacGillivray (#5416)
Sheryl D. Hanley (#5439)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
smacgillivray@eapdlaw.com
shanley@eapdlaw.com
rripple@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document has been filed electronically on this 9th day of February, 2007 and is available for viewing and downloading to the ECF registered counsel of record:

Catherine Sammartino, Esq.
Marta E. Garrett, Esq.
Andrew Berg, Esq.
Sammartino & Berg LLP
128 Dorrance Street, Suite 400
Providence, RI 02903
cas@sbllp.net

/s/ Raymond M. Ripple
Raymond M. Ripple