UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA ELLIOT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-479-ML |
| | ) | |
| RARE HOSPITALITY, | ) | |
| INC. d/b/a THE CAPITAL | ) | |
| GRILLE | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT RARE HOSPITALITY INTERNATIONAL, INC.'S MOTION TO EXCLUDE PLAINTIFF'S WITNESSES AND EXHIBITS**

Defendant RARE Hospitality International, Inc. d/b/a The Capital Grille ("RARE") hereby moves this Court to exclude the witnesses and exhibits that Plaintiff Linda Elliot ("Plaintiff") would have presumably listed in her Pretrial Memorandum, as that memorandum was not timely filed in clear violation of this Court's Pretrial Order.

RARE HOSPITALITY INTERNATIONAL, INC.

By its Attorneys,

/s/ Stephen J. MacGillivray
/s/ Sheryl D. Hanley
/s/ Raymond M. Ripple

Stephen J. MacGillivray (#5416)
Sheryl D. Hanley (#5439)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
smacgillivray@eapdlaw.com
shanley@eapdlaw.com
rripple@eapdlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA ELLIOT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-479-ML |
| | ) | |
| RARE HOSPITALITY, INC. d/b/a THE CAPITAL GRILLE | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**RARE HOSPITALITY INTERNATIONAL, INC.'S MOTION TO EXCLUDE**

Defendant RARE Hospitality International, Inc. d/b/a The Capital Grille ("RARE") submits this memorandum of law in support of its motion to exclude the witnesses and exhibits that should have been listed in Plaintiff's Pretrial Memorandum which was due on February 2, 2007.

## BACKGROUND

The Pretrial Order in this case states that Pretrial Memoranda are due thirty (30) days after any "decision" is rendered on a dispositive motion. The decision on RARE's Motion for Summary Judgment was delivered from the bench on January 3, 2007. Accordingly, Pretrial Memoranda were due on February 2, 2007. RARE timely filed its Pretrial Memorandum together with its List of Witnesses, List of Exhibits and Proposed Jury Instructions. In violation of the clear language of the Pretrial Order, Plaintiff has yet to file her Pretrial Memorandum. Because motions *in limine* are due on or before February 20, 2007, Plaintiff's failure to make these filings has and will continue to increasingly prejudice RARE in its ability to prepare for

trial, while providing an unfair advantage to the Plaintiff who now has had more than a week to respond to and react to the information timely provided by RARE in its Pretrial Memorandum.

## ARGUMENT

The Pretrial Order explicitly states that "[f]ailure to strictly comply with this order will result in appropriate sanctions, which may include dismissal, default or exclusion of evidence."

Moreover, Rule 16(f) of the Federal Rules of Civil Procedure allows for sanctions for a party's failure to comply with a pretrial order. Fed.R.Civ.P. 16(f). See Senra v. Cunningham, 9 F.3d 168, 171 (1st Cir. 1993); Crossman v. Raytheon Long Term Disability Plan, 316 F.3d 36, 38 (1st Cir. 2002)("[t]rial courts have broad authority to manage their dockets, including the ability to sanction attorneys or to dismiss cases for counsel's failure to comply with pre-trial orders"); Veranda Beach Club, Ltd. Partnership v. Western Surety Co., 936 F.2d 1364, 1370 (1st Cir. 1991) ("court struck the claim before trial pursuant to Fed. R. Civ. P. 16(f), which permits the imposition of sanctions upon parties who fail to comply with . . . pretrial orders."). "The district court, for example, may refuse to hear testimony or give instructions on issues not originally encompassed by the pretrial order." Senra at 171. The district court's imposition of sanctions is reviewed only for abuse of discretion. Id.

Here, the Plaintiff has failed to comply with the Court's Pretrial Order by timely filing a Pretrial Memorandum, List of Exhibits, and List of Witnesses, and Proposed Jury Instructions. This has put RARE at a significant disadvantage. Motions *in limine* are due on February 20, 2007, and RARE still does not know what witnesses and exhibits the Plaintiff intends to offer, making compliance with the February 20, 2007, deadline increasingly difficult, if not

impossible.[1]

Moreover, Plaintiff was put on notice over a week ago that the Pretrial Memoranda were due when she received RARE's Pretrial Memorandum. At this point, it would have been natural for the Plaintiff to comply with the Pretrial Order as quickly as possible to limit the prejudice to RARE. At the very least, Plaintiff should have inquired with the Court as to when the memoranda were due. The Plaintiff did not and remains in non-compliance. For these reasons, it can only be assumed that her default is intentional.

Given that the parties are on the cusp of trial and that the Pretrial Memoranda guide the Court and the parties in their preparation for trial and that Plaintiff's default appears to be intentional, the sanctions that RARE seeks are reasonable. At the very least, Plaintiff should not be able to offer witnesses and exhibits that have not been disclosed to date through its discovery responses.

[1] Plaintiff may assert in defense of this motion that she was using the date of the Court's Order on the motion for summary judgment when calculating the due date for the Pretrial Memoranda. This, however, is hardly a good faith interpretation of the Pretrial Order, which explicitly uses the word "decision" and not "order." Moreover, it was the Plaintiff's responsibility to submit a form of Order immediately after the decision was rendered on the motion for summary judgment. She did not and, accordingly, the Plaintiff should not gain advantage through her tardy preparation of the form of Order.

**Conclusion**

Because the Plaintiff has failed to comply with this Court's unambiguous Pretrial Order, causing prejudice to RARE, her witnesses and exhibits should be excluded and her case dismissed.

RARE HOSPITALITY INTERNATIONAL, INC.

By its Attorneys,

/s/ Stephen J. MacGillivray
/s/ Sheryl D. Hanley
/s/ Raymond M. Ripple

Stephen J. MacGillivray (#5416)
Sheryl D. Hanley (#5439)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
smacgillivray@eapdlaw.com
shanley@eapdlaw.com
rripple@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document has been filed electronically on this 12th day of February, 2007 and is available for viewing and downloading to the ECF registered counsel of record:

Catherine Sammartino, Esq.
Marta E. Garrett, Esq.
Andrew Berg, Esq.
Sammartino & Berg LLP
128 Dorrance Street, Suite 400
Providence, RI 02903
cas@sbllp.net

/s/ Raymond M. Ripple
Raymond M. Ripple